LEETE, *Appellant*, v. STATE BANK OF ST. LOUIS. (No. 1).

### In Banc, November 30, 1897.*

1. **Equitable Separate Estate:** BEQUESTS "IN HER OWN RIGHT." A will bequeathed to plaintiff and her sister a fifth part of the estate "in their own rights." *Held* not to create an equitable separate estate.   The purpose to create an equitable separate estate must clearly appear beyond a reasonable doubt, otherwise the husband will retain his ordinary marital rights over his wife's property.

2. **Pleading:** MARRIED WOMAN'S SEPARATE ESTATE. Where plaintiff bases her action on the fact that the property sued for was purchased with her separate property which was bequeathed to her "in her own right," it is the duty of the trial court, under section 2057, Revised Statutes 1889, to require plaintiff in her petition to definitely allege the date of her marriage and of the death of the testator, and this burden she could not cast on the defendant because he failed to file a motion requiring her to do so.

3. **Married Woman's Separate Estate Prior to Law of 1875.** The married woman's act of 1875, now section 6869, Revised Statutes 1889, acted *prospectively* only, and did not apply to marriages then in existence.   (Following *Leete v. Bank*, 115 Mo. 184.)

4. ———: CONSTITUTIONAL LAW.   To apply the married woman's act of 1875 to marriages then in existence would be violative of the constitutional provision prohibiting the enactment of a law retrospective in its operation.

5. ———: HUSBAND'S RIGHT TO CHOSES IN ACTION.   The husband had the right, prior to the act of 1875, to reduce his wife's choses in action to his possession, and this right was a vested one, and being such, as the marriage occurred before that act was enacted, his reduction of his wife's choses to possession subsequent to such enactment was legal.

* NOTE—Decided in Division Two, May 25; transferred to Court *in banc*, and there the division opinion was affirmed November 30, 1897.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB
KLEIN, Judge.

AFFIRMED.

> *E. T. & C. B. Allen* for appellant.

(1) The judgments should be reversed on the authority of *Gabriel v. Mullen*, 111 Mo. 119; *Scrutchfield v. Sauter*, 119 Mo. 615; *Brown v. Brown*, 124 Mo. 79; *Bank v. Winn*, 33 S. W. Rep. 457; *Owings v. Wiggins*, 34 S. W. Rep. 877; *Bains v. Bullock*, 129 Mo. 117, which cases follow *Hart v. Leete*, 104 Mo. 305; which last named case was in effect overruled by *Leete v. State Bank*, 115 Mo. 184. (2) The matters decided in these cases, on the former appeal, as stated in *Leete v. State Bank*, 115 Mo. 184, are not necessarily conclusive on the appellant. *Wernse v. McPike*, 100 Mo. 476; *Spohn v. Railroad*, 87 Mo. 74; s. c., 101 Mo. 417; s. c., 116 Mo. 617; s. c., 122 Mo. 1; *Bird v. Sellers*, 122 Mo. 23; s. c., 113 Mo. 580; *Rutledge v. Railroad*, 123 Mo. 131. (3) *Leete v. State Bank, supra*, is not in harmony with any prior decision of this court regarding the principal points it undertakes to decide. This court has construed the act of March 25, 1875, as applying to the property rights of parties then married in *Richardson v. Lowry*, 67 Mo. 411, and the statute was thereafter re-enacted without change as section 3296, Revised Statutes 1879. The same construction was given to section 3296 in *Bettes v. Magoon*, 85 Mo. 580; *Bartlett v. Umfried*, 94 Mo. 530, and *Gilliland v. Gilliland*, 96 Mo. 522, and thereafter re-enacted, without substantial change, as section 6869, Revised Statutes 1889. (4) When a court of last resort construes a statute, and that statute is afterward re-enacted or continued in force, without any change in its terms, it is presumed that the

legislature adopted the construction given to it by the court. *Handlin v. Morgan County*, 57 Mo. 114; *Easton v. Courtwright*, 84 Mo. 34; *Reed v. Painter*, 129 Mo. 674, 686; *State v. County Court*, 128 Mo. 439; *Venable v. Railroad*, 112 Mo. 125. (5) The unconstitutionality of a statute must appear beyond a reasonable doubt, before the courts will pronounce it void. *State ex rel. v. Ransom*, 73 Mo. 78; *State v. Addington*, 77 Mo. 110; *State v. Able*, 65 Mo. 357; *Ewing v. Hoblitzelle*, 85 Mo. 64; *Kelly v. Meeks*, 87 Mo. 396; *Phillips v. Railroad*, 86 Mo. 540; *State v. Pond*, 93 Mo. 606; *State v. Hope*, 100 Mo. 347. (6) The right of a husband to reduce to his possession the choses in action of the wife, is not a vested interest in property. *Hart v. Leete*, 104 Mo. 315; *Leakey v. Maupin*, 10 Mo. 368; *Pickett v. Everett*, 11 Mo. 568; *Gillet v. Camp*, 19 Mo. 404; *Walker v. Walker*, 25 Mo. 367; *Coughlin v. Ryan*, 43 Mo. 99; *Hunt v. Thompson*, 61 Mo. 148; *Wood v. Simmons*, 20 Mo. 365; *Paige v. Sessions*, 4 How. (U. S.) 122; *Clarke v. McCreary*, 20 Miss. 354; *Ewing v. Hoblitzelle*, 85 Mo. 64; *Kelly v. Meeks*, 87 Mo. 396; *Alexander v. Alexander*, 85 Va. 352; *Allen v. Hanks*, 136 U. S. 300; *White v. Waite*, 47 Vt. 502; *Taylor v. Taylor*, 12 Lea (Tenn.), 490; *Rugh v. Ottenheimer*, 6 Ore. 231; *Witte Bros. v. Clarke*, 17 S. C. 327; *Deck v. Smith*, 12 Neb. 389; *Kilpatrick v. Holmes*, 108 N. C. 206; *Noel v. Ewing*, 9 Ind. 37; *Trapnell v. Conklin*, 37 W. Va. 256; *Cherokee Lodge v. White*, 63 Ga. 742. (7) Curtesy before birth of issue is not a vested interest in property. *Hill v. Chambers*, 30 Mich. 422; *Hathorn v. Lyon*, 2 Mich. 95; *Brown v. Clark*, 44 Mich. 311; *Breeding v. Davis*, 77 Va. 639; *Billings v. Baker*, 28 Barb. 346; *Denny v. McCabe*, 35 Ohio St. 580; *Mellinger v. Bausman*, 45 Pa. St. 529. (8) Curtesy initiate is not a vested interest in property. *Thurber v. Townsend*, 22 N. Y. 517; *In re Curtis' Will*, 61 Hun. 372; *Rugh v.*

*Ottenheimer*, 6 Ore. 231; *Gitchell v. Messmer*, 87 Mo. 131. (9) Whether or not the act of 1875 effected any change in the property relations of parties then married, it exempted from the sole debt of the husband thereafter incurred and not created for necessaries for the wife or family, all personal property thereafter accruing to the wife. 2 Bishop on the Law of Married Women, 100, quoting from *White v. Dorris*, 35 Mo. 181; Schouler on Husband and Wife, sec. 206. (10) The by-law of respondent bank could not impress upon the stock a lien for its claim against Dr. Leete, in view of appellant's claims thereto under the act of 1875. *Murray v. Pinkett*, 12 Clark & Fin. 764; *Stickney v. Stickney*, 8 So. (Ala.) 568; *Bank v. Durfee*, 118 Mo. 431; *Trust Co. v. Lumber Co.*, 118 Mo. 447.

*Noble & Shields* and *George R. Lockwood* for respondents.

(1) That the plaintiff has no title to the stock in question as against the defendant bank is *res adjudicata* in this case. *Leete v. State Bank*, 115 Mo. 184 (which is this case now on hearing in this court); *Dowling v. Allen*, 102 Mo. 213; *Keith v. Johnson*, 109 Mo. 130; *Hickman v. Link*, 116 Mo. 127; "The Law of the Case," 42 Cent. L. J. (January 31, 1896). (2) The defendant bank, under its charter and by-laws, has a lien on the stock in question for Dr. Leete's debt to it. *Ins. Co. v. Good'ellow*, 9 Mo. 149; *Bank v. Bank*, 45 Mo. 513; *Spurlock v. Railroad*, 61 Mo. 319; *Bank v. Bank*, 105 U. S. 217; *Bank v. Laird*, 2 Wheat. 390; *Neal v. Jenney*, 2 Cranch, C. C. 188; *Pierson v. Bank*, 3 Cranch, C. C. 363; *Morgan v. Bank*, 8 Serg. & R. 73; *Bank v. McNeal*, 10 Bush. 54; Ang. & Ames Corp. [10 Ed.], sec. 359; 2 Thompson on Corp., secs. 2317–2744. (3) This court has held that the clause as to exemp-

tions in section 6869 (3296, R. S., 1879 with amendments) applies to the separate property of the wife, and not that which the husband has acquired through his common law marital rights. *Gabriel v. Mullen*, 111 Mo. 119. (4) The act of March 25, 1875 (R. S. 1879, sec. 3296), if applicable to the legacy of plaintiff under the will of her father, he having died, and she having married before the act, would be in conflict with article 2, section 15, of the Constitution, forbidding retrospective legislation, and void. *Ex parte Bethurum*, 66 Mo. 550; *State ex rel. v. Greer*, 78 Mo. 188; *Linz v. Ins. Co.*, 8 Mo. App. 363; *St. Louis v. Clemens*, 52 Mo. 143; *Ins. Co. v. Flynn*, 38 Mo. 483; Cooley, Const. Lim. 362; Sedgwick, Stat. & Const. Law, pp. 188, 202. (5) The act of March 25, 1875, was not intended to take away the right of a husband, theretofore married, to reduce to his possession choses in action previously accruing to his wife. The act can not be construed as retrospective unless no other construction is possible. *State ex rel. v. Hays*, 52 Mo. 580; *State ex rel. v. Auditor*, 41 Mo. 25; *State ex rel. v. Greer*, 78 Mo. 188; *State ex rel. v. Ferguson*, 62 Mo. 77; *Thompson v. Smith*, 8 Mo. 73; *State v. Grant*, 79 Mo. 119; *State ex rel. v. Walker*, 80 Mo. 613; *State ex rel. v. Finn*, 87 Mo. 310; *Ely v. Holton*, 15 N. Y. 595; *Newland v. Marsh*, 19 Ill. 384; *Seamans v. Carter*, 15 Wis. 548; *Kidd v. Montague*, 19 Ala. 625; Cooley, Const. Lim. 76, 185. (6) If the act of March 25, 1875, be construed as taking away the husband's right then existing, to reduce his wife's choses in action then in existence to his possession, it would so interfere with his vested rights of property as not to come within the proper limits of the law-making power; would deprive him of property without due process of law, and be unconstitutional and void. *Westerveldt v. Gregg*, 12 N. Y. 202; *Barnes v. Underwood*, 47 N. Y. 356; *McCahill v. Hamilton*, 20 Hun. 393; *Berley v.*

*Rampacher*, 5 Duer. 189; *Dunn v. Sargeant*, 101 Mass. 336; *Jackson v. Sublett*, 10 B. Mon. 467; *Stearns v. Weathers*, 30 Ala. 712; *O'Connor v. Harris*, 81 N. C. 284; *Sperry v. Haslin*, 57 Ga. 412; *Dold v. Geiger's Adm'r*, 2 Gratt. 110; *Gunn v. Barry*, 15 Wall. 622; *Moreau v. Detchemendy*, 18 Mo. 522; *Williams v. Courtney*, 77 Mo. 588; *Abington v. Travis*, 15 Mo. 243; *Croft v. Bolton*, 31 Mo. 355; *Hockaday v. Sallee*, 26 Mo. 220; *Schuyler v. Hoyt*, 5 Johns. Ch. 196; 2 Kent's Com., p. 157; Reeve's Dom. Rel. [4 Ed.], p. 5, note; Schouler, Dom. Rel. [3 Ed.] 173; Scribner on Dower, 21.

IN DIVISION TWO.

SHERWOOD, J.—This cause has been here before (115 Mo. 184).

It is an equitable proceeding, instituted in 1889, by which plaintiff sought to compel the defendant bank to transfer to her fifteen shares of its stock then standing on its books in the name of her husband James M. Leete, defendant, and also to account to her for dividends declared thereon, alleging that such shares were purchased by defendant Leete with money which came to her by the bequest of her father in July, 1876, and January, 1877, and that with some of the money thus bequeathed to her, her said husband in February, 1877, bought said stock for plaintiff, but, without her consent in writing, caused the certificate thereof to be made out in his own name. These were the allegations of the original petition.

After the reversal ordered by this court upon the appeal of defendant bank, plaintiff amended her petition, whereby she further alleged that when this stock was purchased by her husband, neither she nor her husband was indebted to defendant bank, and that long subsequent to the payment of money to the husband,

which it is stated was to him as plaintiff's agent and trustee, and to the purchasing of stock, the husband became indebted to the bank, by reason of which the bank refuses a transfer of the stock on its books, and that said indebtedness was not created for necessaries for his wife or family; and it is then averred that the stock is not liable to be taken by any process of law for the debts of the husband, and plaintiff avers she is the owner of this stock, and that the dividends, as well as said stock, are not liable to be taken as just stated.

The answer of defendant bank was the same as the original one, to wit, a general denial, estoppel, lien, and limitations.

These special defenses were exscinded by the lower court on plaintiff's demurrer, but were restored on the return of this cause to that court in compliance with the opinion of this court herein.

The evidence showed that the stock thus purchased by Leete, the husband, in his own name, had stood in his own name on the books since 1877; that the bank had no knowledge or information that plaintiff made any claim to the stock until 1886, after Leete, her husband, had become largely indebted to it, which indebtedness was incurred in 1884.

The will of plaintiff's father bequeathed to herself and sister one fifth part of his entire estate *"in their own rights."* These words do not create an equitable separate estate, for the reason assigned by all the authorities, to wit, that the purpose to create an equitable separate estate must clearly appear beyond a reasonable doubt, otherwise the husband will retain his ordinary marital rights over his wife's property. 2 Story, Eq. Jur., sec. 1381, and cases cited.

This was the view taken of these same words in the same will in *Hart v. Leete*, 104 Mo. *loc. cit.* 328, this court saying: "No case to which we have been cited

goes to the extent of saying that such language will create a separate estate.'' This view of the force and effect of these same words was reiterated in *Richardson v. DeGiverville*, 107 Mo. 432. To the like effect, see *Merrill v. Bullock*, 105 Mass. 486. See, also, *Halferty v. Scearce*, 135 Mo. *loc. cit.* 433.

This preliminary discussion has become necessary, because, if the words of plaintiff's father's will created an equitable separate estate, this cause would present a different aspect to what it does under the authorities already cited. Holding, then, that the words in question created an ordinary estate in plaintiff over which the *jus mariti* of her husband reigned with all of its customary common law vigor, we are to ascertain the dates of the death of the testator and of the intermarriage of plaintiff and her husband. At a former hearing of this cause the referee found that the testator died in 1870 and that the marriage of plaintiff and her husband occurred in 1871. Plaintiff, in her original and amended petitions, sedulously avoids stating *when* the death of her father and *when* her marriage occurred, nor does the evidence show the chronological order of these events. In such circumstances we shall assume that what the referee found on a former occasion to be true respecting those dates is still true. And we make this assumption the more readily for these reasons, because it was the duty of plaintiff, in order to have apprised defendant bank of the nature of her cause of action, and her duty to the court to have stated these dates, and the duty of the lower court under section 2057, Revised Statutes 1889, to have required that these uncertain allegations of the petition in this regard be made definite and certain. See, also, section 2117, *Ib.*

And though defendant bank might have filed a motion for the purpose mentioned, yet it was not bound to do so, since it was the primary duty of plain-

tiff to make a clear and unequivocal statement of her allegations, and this *onus* she could not cast on her adversary by failing in her duty in this regard. *Young v. Schofield*, 132 Mo. 650, and cases cited; *Boles v. Bennington*, 136 Mo. *loc. cit.* 529, *per* BURGESS, J. And in this connection it is well enough to say that even the statement of plaintiff's case is vexatiously indefinite on the point in hand, counsel merely alleging "James Harrison died testate in the year 1870;" "Appellant was married to James N. Leete on the twenty-eighth of June, 1870."

Taking, then, as true, the dates as aforesaid, as formerly found by the referee, we are brought to consider the constitutional question presented on the former appeal, and which was ruled adversely to plaintiff's contention, and a motion for rehearing denied. Notwithstanding this, we permitted the constitutional question to be again reargued. This question and the authorities bearing upon it considered with great attention on the first appeal herein, have been reconsidered on the present appeal, with the result that we adhere to the conclusion previously announced that the act of 1875, now section 6869, Revised Statutes 1889, operated *prospectively* only and did not apply to marriages then in existence, and that to apply it to such marriages would be violative of the constitutional provision prohibiting the enactment of a law retrospective in its operation, and that within that protection was the husband's right to reduce his wife's *choses in action* into possession a vested right, as incapable of retroactive legislative abrogation as any other vested right acquired by the husband by reason of the marriage.

Since the former opinion was delivered, our attention has been called to some additional authorities which fully support the views we have heretofore expressed. Thus in *Pritchard v. Norton*, 106 U. S. *loc.*

*cit.* 132, it is said: "Hence it is that a vested right of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. Whether it springs from contract or from the common law, it is not competent for the legislature to take it away." In *Power v. Harlow,* 57 Mich. *loc. cit.* 111, Chief Justice COOLEY remarked: "A right of action is as much property as is a corporeal possession, and is protected by the law in the same way and under the same securities." So, also, in a recent work of recognized authority it is said: "On principle, it would seem that the right to reduce the wife's *choses in action* to possession vested in the husband at the time of the marriage, and could not be divested by a statute passed after the marriage, although the husband had not, at the time of the passage of the act, reduced the *choses* to possession; and so it has been ruled in several cases." 2 Perry on Trusts [4 Ed.], sec. 676.

As this is the controlling question in this cause, it is unnecessary to pass upon any other, and therefore the decree of the lower court dismissing plaintiff's petition is hereby affirmed. All concur.

## IN BANC.

PER CURIAM.—The foregoing opinion, prepared by Judge SHERWOOD, while this cause was in Division Two of the Supreme Court, is hereby approved and adopted as the opinion of the court *in banc.* The judgment is accordingly affirmed. GANTT, MACFARLANE, BURGESS, ROBINSON and BRACE, JJ., concurring with Judge SHERWOOD in the said opinion and judgment. BARCLAY, C. J., dissents.