Gordon v. Gordon.

GORDON v. GORDON, Appellant.

Division One, July 1, 1904.

1. **HUSBAND AND WIFE: Sale of Wife's Land: Appropriation by Husband: Curtesy.** A wife inherited land from her father, was married in 1871, and in 1882 the land was sold, and the husband appropriated the same to his own use without her consent in writing. *Held*, that the husband did not have the same marital rights in the money that he formerly had in the land. He was not entitled to hold the money during his life. She was entitled to sue for the same and recover it in an action at law against him.

2. ———: ———: ———: **Statute of 1875.** The Married Woman's Act of 1875 operates only on the personal property of the wife, and thereafter made that property her separate property, which the husband could not become possessed of for his own use without the written consent of the wife.

3. ———: ———: ———: **Retrospective Statute.** By selling in 1882 the wife's land, inherited by her prior to the time the Married Woman's Act of 1875 went into effect, and converting the same into money, that money became personal property and subject to the operation of the law in force at the time of the sale. Therefore, there is no question of the retrospective operation of the statute of 1875 in the case.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Simrall & Trimble* and *Sandusky & Sandusky* for appellant.

(1) As plaintiff and defendant were married in 1871, and the 223 acres were allotted to plaintiff in 1872, defendant's rights with reference to said 223 acres, and to the proceeds of the sale thereof, are governed by section 14, chapter 115, Revised Statutes 1865. (2)

The Act of March 24, 1875, could not affect, in any manner, the defendant's vested estate in said 223 acres, *jure uxoris*, and in the proceeds of the sale thereof, without giving to said act a retrospective operation; but the courts have uniformly refused to give a retrospective operation to any of the successive acts relating to married women. Arnold v. Willis, 128 Mo. 145; Leete v. Bank, 115 Mo. 198; Leete v. Bank, 141 Mo. 584; Winn v. Riley, 151 Mo. 66; Vanata v. Johnson, 170 Mo. 274; Flesh v. Lindsay, 115 Mo. 17; Robards v. Murphy, 64 Mo. App. 90; Wilson v. Albert, 89 Mo. 537. (3) Section 14, chapter 115, Revised Statutes 1865, exempted the rents, issues and products of the wife's land, and the husband's interest in her land, from execution for the husband's sole debts, and restricted his right of disposition, but it did not take away his ownership of the rents, issues and products, nor his interest in her land, or its proceeds. Dillenberger v. Wrisberg, 10 Mo. App. 465; Smith v. White, 165 Mo. 590; Alexander v. Lydick, 80 Mo. 341; Flesh v. Lindsay, 115 Mo. 16.

*Peak & Strother* and *James F. Yeager* for respondent.

(1) By the common law prior to the Act of 1865, now section 4399, Revised Statutes 1899, where the real estate of the wife was sold and by the husband and wife conveyed, there was a conversion of such real estate into personalty and the proceeds of such sale, when reduced to possession by the husband, became his property, unless by a contract between the husband and wife, it were otherwise agreed. Tillman v. Tillman, 50 Mo. 40; Sloan v. Torry, 78 Mo. 623. (2) As stated by this court, by the act of 1865, "the lawmakers manifestly intended to secure to the wife, free from the control of her husband, all moneys arising from the sale of her real estate, which she possessed before marriage, or which she acquired with her own money, obtained by

gift, grant, devise or inheritance after marriage.'' Sumner v. McCray, 60 Mo. 494; Sloan v. Torry, 78 Mo. 623. (3) Upon the sale of the two hundred acres of plaintiff's land in 1882, the money paid therefor became plaintiff's separate property under the acts of 1865 and 1875, and she is entitled to recover it in this suit. Rogers v. Bank, 69 Mo. 560; Gilliland v. Gilliland, 96 Mo. 522; McGregor v. Pollard, 130 Mo. 332, 66 Mo. App. 324; Winn v. Riley, 151 Mo. 61. (4) Under the statute of 1875 it is immaterial when the marriage took place. What determines the rights of the spouses as to personal property of the wife, is the law in force at the time when the wife's rights to the personalty accrued. Bank v. Winn, 132 Mo. 80; Owings v. Wiggins, 133 Mo. 630; Grocery Co. v. Ballenger, 137 Mo. 369; Winn v. Riley, 151 Mo. 61; Hurt v. Cook, 151 Mo. 431; McLeod v. Venable, 163 Mo. 536. (5) Under the Act of 1865 defendant had no such vested right in the proceeds of the sale of his wife's land as to prevent the Act of 1875 from applying to such proceeds of a sale made by his voluntary act. Taylor v. Taylor, 12 Lea (Tenn.) 486; Neilson v. Kilgore, 145 U. S. 487, 36 L. Ed. 786. (6) By the allotment as made in the partition suit, defendant acquired no new right or title to the lands of plaintiff, but the title remained as before. Whitsitt v. Womack, 159 Mo. 14; Palmer v. Alexander, 162 Mo. 127; Snyder v. Elliott, 171 Mo. 362; Propes v. Propes, 171 Mo. 407. (7) Defendant is entitled to nothing for any improvements he may have put on plaintiff's land. Boynton v. Miller, 144 Mo. 681; Curd v. Brown, 148 Mo. 82; Woodward v. Woodward, 148 Mo. 241.

BRACE, P. J.—This is an appeal from a judgment of the Clay circuit court, in favor of the plaintiff, for the sum of $5,141.66, from which the defendant appeals. The case is this:

In the year 1869, Henry Nelson died seized of cer-

tain lands in Clay county, leaving surviving him his daughter, Mary E. Gordon, the plaintiff, one of his heirs at law. Afterwards, on the eleventh of September, 1871, the said Mary E. Gordon intermarried with the said Baylis T. Gordon, defendant, of which marriage there were children born alive. Afterwards, in the year 1872, in a partition suit between the heirs of the said Henry Nelson, deceased, 223 acres of the said lands of which he died seized, as aforesaid, were allotted to the plaintiff as her share therein. Afterwards by deed dated February 8, 1882, duly executed by the plaintiff and the defendant, 200 acres of the land so allotted to the plaintiff were sold and conveyed to one John Ecton for the price and sum of five thousand dollars, and the said purchase price thereof received by the defendant and converted to his own use without the assent in writing of the plaintiff, and on the twenty-fifth of May, 1901, this suit was instituted by plaintiff to recover the same. The judgment was for that sum, with six per cent interest from the date of the commencement of the suit.

The errors assigned for reversal of the judgment are as follows:

1. The court erred in holding that the Act of March 25, 1875, relating to married women, applied to defendant's interest in the 200 acres of land sold.

2. The court erred in allowing plaintiff the full proceeds of the sale of the 200 acres of land, to-wit, the sum of $5,000, without regarding defendant's life estate in said land, *jure uxoris,* and as tenant by the curtesy, and his consequent interest in the proceeds.

3. The court erred in holding that plaintiff was entitled to recover the full proceeds of said 200 acres during the lifetime of defendant.

4. The court erred in holding that defendant's right to hold the $5,000, proceeds of the sale of the 200 acres, was dependent upon his having his wife's written consent, whereas his right to hold said proceeds dur-

ing his life was a corollary of his right to hold said land during his life.

(1)   The court did not hold that the Act of March 25, 1875, relating to married women, applied to defendant's interest in the 200 acres of land sold, but did in effect hold that *the proceeds of the sale of that land* received by defendant from John Ecton on the eighth of February, 1882, was governed by sections 3295 and 3296 Revised Statutes 1879, the Married Woman's Act in force at that date.

At the time plaintiff and defendant were married in 1871, section 3295, supra, was in force as section 14 of chapter 115, General Statutes 1865 and defendant's first contention is that as his marital rights in the real estate of his wife became vested under the common law as modified by that act, those rights could not be affected by the subsequent act of 1875, i. e., section 3296, supra, and in support of this contention a number of cases, of which Leete v. Bank, 115 Mo. 184, 141 Mo. 574, is the leading one, are cited.   This proposition will be conceded.   As a corollary thereto the defendant next contends, that when in 1882 the plaintiff's real estate was converted into money the defendant had the same marital rights in the money that he had in the land before the conversion, and as under the law as it stood when he was married he had a life estate in the land, so he had a like estate in the money, and the right to hold the same "during his life" and at his death "it belongs to his wife."   Hence, it is contended plaintiff's action therefor can not be maintained and the judgment should be reversed.

To this contention we can not give our assent.   It ignores the distinction that has ever been made by the common law and the statutes, between the rights of the husband in the real estate and in the personal property of his wife.   In the view we take of this case, we do not deem it necessary to follow the able argument of learned counsel in their discussion of those rights as to the

wife's real estate as they existed at common law and as they have been modified by the statute of 1865.

The statute of 1875 (sec. 3296, supra) operates and was intended to operate only on the personal estate of the wife (which at common law upon being reduced to possession, became the property of the husband), and thereafter made that property the separate property of the wife, of which the husband could not become possessed for his own use and benefit without the assent in writing of his wife. With the interest of defendant in the real estate of his wife, the plaintiff, that act had nothing to do and of course could not divest the defendant of any interest therein. But when the plaintiff and the defendant on the eighth of February, 1882, by their own voluntary act and deed converted the defendant's said real estate into personalty, and thereby *divested themselves* of all the interest they theretofore had in said real estate, the personalty (the money into which it had been converted), became subject to the operation of the law in force at the time such personalty came into existence as such, and the court in so holding gave no retrospective effect to the act of 1875, and committed no error.

This is really the only question in the case and the conclusion reached finds ample support in the cases cited by counsel for respondent.

The judgment of the circuit court will be affirmed.

All concur.