SHIELDS, *Treasurer* STATE LUNATIC ASYLUM NO. 1, *Appellant*, v. JOHNSON COUNTY.

Division Two, May 17, 1898.

1. **Practice:** DEMURRER: EFFECT. The effect of a demurrer is to admit every material allegation of the petition.

2. **Insane Criminals:** LIABILITY OF COUNTY: ALLEGATA. Where a person has been convicted of crime and become insane, and before the expiration of his sentence the Governor inquires into the facts

and by his warrant orders the convict conveyed to a lunatic asylum until he is restored to reason, it is not necessary for the county court to first find that the convict is a citizen of the county, that he has since become insane and is insolvent, and then make an order making him a county patient, before the county's liability attaches for his support at the asylum. In a suit by the asylum against the county it is necessary that plaintiff show his residence, insanity and insolvency as conditions precedent to its right to recover, but it is not necessary that the county court should first have found these facts and if they are alleged in the petition, they stand admitted by a demurrer thereto.

3. ——: ——: RETROSPECTIVE STATUTE. Convicts who were sentenced to the penitentiary and became insane prior to the twenty-sixth of June, 1881, can not be transferred to an asylum at the expense of the county of their residence, although the Governor may, under section 4247, Revised Statutes 1889, have found them insane and directed their transfer. Said section does not have a retroactive operation and can not apply to convicts who were sentenced and became insane prior to its enactment.

*Appeal from Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*N. D. Thurmond* and *O. L. Houts* for appellant.

(1) The insanity is determined by the Governor instead of by the county court. Upon the order of the Governor transferring the insane criminal to the asylum it is imperative upon the officers of the asylum to receive and keep such insane person in the asylum until he is restored to reason. R. S. 1889, sec. 506; G. S. 1865, p. 321, sec. 47. (2) There is no provision as to the residence of the insane poor person undergoing sentence as a criminal. The only condition of such person becoming a county patient is the fact that he is an insane poor person undergoing sentence as a criminal. R. S. 1889, sec. 512; R. S. 1879, sec. 4153; G. S. 1865, sec. 53, p. 313. (3) When the county court once authorizes the asylum to receive such persons as county patients the law requires the county court to

ascertain and certify to the asylum authorities that such a patient has sufficient estate to support and maintain him at the asylum before the county is relieved from his support. R. S. 1889, secs. 484, 486, 499, 500 and 506. (4) It is the duty of the Governor to determine the proper county to which insane criminals belong. If the Governor designates the convict as being from Johnson county (which he does in his order) that settles the question of the residence and it is not the duty of the asylum authorities to go behind the order of the Governor. The asylum superintendent receives the patient from the county named in the order of the Governor transferring him. (5) The only question is, has the patient sufficient property to support him in the asylum? In the case of the criminal insane this question can be determined by the records of the court convicting him. The cost of the trial is taxed against the defendant in case of conviction and the presumption is if the defendant had property his costs would have been paid. It is the duty of the county to look after this matter and not of the asylum who receives the patient. R. S. 1889, sec. 506. (6) The second ground for demurrer is not good for the reason that the suit is on an account and even though each item of the account might constitute a separate cause of action, their misjoinder in one count should be reached by motion to elect. 80 Mo. 367; 50 Mo. 42.

*J. W. Suddath* and *N. M. Bradley* for respondent.

(1) Counties are not liable to implied liabilities. Their liabilities, whether sounding in tort or contract, are the mere creatures of statute. They possess no power and can incur no liabilities or obligations except such as are specially provided for by statute. In the

absence of statute there is no county liability. The
statute authorizing contracts or the incurring of liabil-
ity must be strictly followed, or the county will not be
bound. 4 Am. and Eng. Ency. Law, p. 359; *Globe
Furn. Co. v. District No. 7*, 51 Mo. App. 549; *Crutch-
field v. Warrensburg*, 30 Mo. App. 456. (2) The only
way that a county can become liable for the board and
keep of an inmate of an asylum, is by an order of the
county court, made upon proper showing, declaring him
a county patient, and thus fixing the liability of the
county. *State ex rel. v. Cole Co. Ct.*, 80 Mo. 80. (3) In
order for the plaintiff to be entitled to recover now,
such steps must have been taken under the law as to
make the county liable for the keep of this patient at
the same time he was sent there. *State ex rel. v. Cole
Co. Ct.*, 80 Mo. 80. (4) Where the law provides a
way by which a liability shall be incurred it excludes
the incurring of the same in any other manner. *Globe
Furn Co. v. District No. 7*, 51 Mo. App. 549; *Crutch-
field v. Warrensburg*, 30 Mo. App. 456. (5) It is a
condition precedent to the right of recovery that
accounts for each six months shall be made out and
presented to the county court for allowance, and when
so presented and allowed, or rejected, it makes a cause
of action. R. S. 1889, sec. 490. (6) Every person
convicted of a felony immediately becomes the ward
of the State, and is no longer under the control of the
county, and the State, except where otherwise specifi-
cally provided for, is liable for his keep, and all costs
incurred on his account. R. S. 1889, sec. 4398.

ON MOTION FOR REHEARING.

Burgess, J.—At the April term, 1897, we reversed
the judgment of the court below in this case, and
remanded the cause for further trial. Since then the
defendant has presented a motion for rehearing, and

upon further consideration we are of the opinion that upon one question raised in the motion to be hereafter passed upon, we committed error.

It is insisted in the motion that it was a condition precedent to the right of plaintiff's recovery that the county court of Johnson county must first find that Canute Farland was a citizen of that county; that he was insane and insolvent, and then make an order of record making him a county patient. That he was a citizen of the county at the time of his being sentenced to the penitentiary, has since become insane, and is insolvent, are conditions precedent to the liability of the county for his board and clothing at the asylum, may be conceded, but all of these facts are alleged in the petition, and being material averments stand admitted by the demurrer.

But that the county court of the county must first find these facts to be true, and then make an order making Farland a county patient before her liability for his keeping attaches, if liable at all, we are unable to give our assent. By section 4247, Revised Statutes 1889, it is provided that "if any person, after having been convicted of any crime or misdemeanor, become insane before the execution or expiration of the sentence of the court, it shall be the duty of the Governor of the State to inquire into the facts, and he may by his warrant to the sheriff of the proper county, or the warden of the penitentiary, order such lunatic to be conveyed to the insane asylum, and there kept until restored to reason." By this statute express power and authority are conferred upon the Executive of the State to inquire into the facts, in such manner as he may think best, with respect to the insanity of convicts who become insane after their conviction, and before the expiration of their sentences, and by his warrant, directed to the warden of the penitentiary, to order such lunatic to be

conveyed to the insane asylum, and there kept until restored to reason. There is no appeal from the conclusion which may be reached by the executive in such cases, and his warrant to the warden is conclusive with respect to such action. This power was conferred upon the Executive for the manifest purpose of avoiding the necessary inconvenience and expense of an attempt to remove convicts who become insane after their incarceration in the penitentiary to the county or place where convicted for the purpose of having them declared insane by a jury of the county where convicted.

This same section further provides that "the expenses of the insane convict at the asylum for his board and clothing shall be paid as now provided by law in cases of the insane poor: *provided*, if such person shall have property, the costs shall be paid out of his property by his guardian." The expenses for keeping the insane poor at the asylum are paid by the counties of their respective residences. R. S. 1889, sec. 484. While in this case the burden would rest upon the plaintiff of showing that Farland was a resident of Johnson county at the time of his conviction, and that he had no property, those issues are properly presented by the allegations in the petition, and it was not essential under the facts disclosed by the record in this case, that they should have been first found to have been as alleged before the institution of this suit by the county court, or of any other tribunal of that county. Such proceedings were dispensed with, impliedly at least, by section 4247, *supra*. The circuit court being of general jurisdiction could inquire into such matters in an action of this character. The mode of payment simply means how and by whom paid, and has no reference whatever to the tribunal in or by which the conditions upon which

counties may be held liable for the keeping at the insane asylum of indigent insane convicts are to be determined.

It is also insisted that section 4247, *supra,* is not *retroactive* in its operation and does not therefore include convicts who were sentenced to the penitentiary and *became insane* before it became a law on the twenty-sixth day of June, 1881. Farland was convicted at the October term, 1871, of the circuit court of Johnson county. In *Leete v. Bank,* 115 Mo. 184, it was ruled, SHERWOOD, J., delivering the opinion of the court, that a statute is to be construed prospectively unless the intent that it is to be construed retrospectively is clearly expressed on its face. A similar ruling was announced in *State ex rel. v. Auditor,* 41 Mo. 25; *State ex rel. v. Ferguson,* 62 Mo. 77; *Thompson v. Smith,* 8 Mo. 723; *State ex rel. v. Hays,* 52 Mo. 578; *Reed v. Swan,* 133 Mo. 100; *Bartlett v. Ball,* 142 Mo. 28.

There is nothing in this statute which would seem to indicate with any degree of clearness that it was intended by the legislature to apply retrospectively, and under the rule announced by this court in the foregoing adjudications we must hold that it does not do so. It therefore logically follows that the defendant county, can not be held responsible for the keeping at the insane asylum of the insane convict Farland, and that the demurrer to the petition was properly sustained.

We therefore affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.