# JAMES R. WALTON, Appellant, v. CHRISTIAN COUNTY.

### Division Two, June 20, 1911.

1. **INSANE CRIMINALS: Transferred to Hospital: Liability of. County.**　Where an insane criminal, living and residing in a certain county, has been convicted of a crime in that county, and sentenced and committed to the penitentiary, and, by warrant of the Governor, transferred as an insane person to a state hospital for the insane, the county is liable to such institution for his keep there.

235 Sup.—25

2. ———: ———: **Error in Governnor's Warrant: Evidence of Res-
idence.** And the fact that the Governor's warrant transferring
the insane criminal from the penitentiary to a state hospital,
named the wrong county as the place of his conviction, does
not lessen the liability of the county in which he was convicted
and where he actually resided, for his keep in the hospital, nor
is it evidence of his residence. That part of the Governor's
warrant is simply narrative. The law does not require his.
warrant to state the county in which an insane criminal re-
sided at the time of his conviction. The liability of the county
is imposed by the statute, and is conditioned upon the resi-
dence and insolvency of the criminal at the time of his convic-
tion and his subsequent insanity while in the penitenciary.

Appeal from Christian Circuit Court.—*Hon. John T.
Moore,* Judge.

REVERSED AND REMANDED.

*J. B. Journey* and *Farrar & Hartley* for appellant.

Where a man is convicted of a crime and sentenced
to the penitentiary for a term of years, and afterwards
becomes insane and is transferred upon a warrant
properly issued by the Governor to one of the asylums
of this State, all that is necessary to make the county
from which he is sent liable for his keep at the asylum
is "that he was a citizen of that county at the time of
his conviction and sentence, has since become insane,
and is insolvent." State ex rel v. County Court, 80
Mo. 80; Shields v. Johnson County, 144 Mo. 76;
Thomas v. Macon County, 175 Mo. 68.

*F. W. Barrett* and *J. J. Gideon* for respondent.

1. The order of the Governor reciting that Hart-
man was a resident of Wright county instead of Chris-
tian county, in transferring Hartman to the asylum, is
conclusive, and the asylum authorities can not go be-
hind the order of the Governor. There is no appeal
from the conclusion which the Governor reaches, and
his warrant to the warden of penitentiary is conclusive
with respect to such action. Shields v. Johnson

County, 144 Mo. 76. 2. Sec. 4873, R. S. 1899, where it says that the superintendent "shall," under the direction of the managers, cause, once in every six months to be made out and forwarded, to any county court which may send to the asylum any insane poor person, an exact account of any sum due and owing by such court on account of such insane person, is mandatory. Whenever third persons or the public have an interest in having that done which is prescribed by the Legislature then the act is mandatory. Lapsley v. Merchants' Bank, 105 Mo. App. 98. The statute authorizing the incurring of a liability must be strictly followed or the county will not be bound. 4 Am. & Eng. Ency. Law, 359; Dale County v. Gunter, 46 Ala. 118; Clear Lake Co. v. Lake Co., 45 Cal. 90; County v. Smith, 47 Ala. 407; Fergus Falls v County, 88 Minn. 346; 11 Cyc. 587, note. Sec. 2666, R. S. 1899, is in contravention of the Constitution of the State. Art. 2, secs. 29 and 30. A cause of action accrues under this section every six months, when the account is presented to the county court and refused; and if appellant had so presented its account respondent would not be liable for only what has accrued within the last five years. R. S. 1899, sec. 4273.

## STATEMENT.

BOND, C.—Plaintiff is the treasurer of State Hospital No. 3, and, as such, sued the defendant county for the keep of an insane criminal who had been transferred to said hospital upon the warrant of the Governor. The account filed runs from the first day of June, 1900, at intervals of six months, until the first day of June, 1906, and aggregates $902.85. The petition prayed judgment for said sum and interest, and an allowance of the attorney's fees to be taxed as costs.

The answer of the defendant admitted the conviction of the person, Wesley Hartman, of the crime of

arson, in the circuit court of the defendant, Christian County, in 1899. It denied his insanity; and denied the suspension of his sentence by the Governor; denied his transfer to the asylum, and denied that he was a resident of defendant county when convicted there; and averred that the county had no notice that the said Wesley Hartman had been transferred to the asylum, and that no demand had ever been made upon it for his keep while there.

There was evidence tending to show that the said Wesley Hartman was a resident of defendant county at the time of his conviction there of the crime of arson in 1899, and was sent from that county to the State Penitentiary; that, thereafter, to-wit, December 26, 1899, the Governor of the State suspended his sentence because he had become insane in the penitentiary, and directed him to be taken to State Asylum No. 2, at Nevada, Vernon county, Missouri. The evidence further showed that this order or warrant of the Governor erroneously recited that said Hartman had been convicted in Wright county, Missouri. The evidence showed that an account and demand for his keep had been made upon Wright county, payment refused and suit had been instituted; and that, upon the discovery that said Wesley Hartman had never resided in said county, nor had been tried and convicted there, but that he had been a resident of Christian county and was tried and convicted there, the suit against Wright county was dismissed, and the present action was begun. There was evidence showing that during his residence in State Hospital No. 3, he fell heir to a small estate of about $121, coming from Virginia; that inquisition of lunacy was begun in the defendant, Christian county, which resulted in his being adjudged *non compos*. A guardian of his estate was appointed, whose settlement showed a balance of $27.63, and that this was all the estate possessed by said Wesley Hartman, and that he was indebted beyond that.

The case was submitted to the court without a jury. No instructions were asked or given, and judgment was rendered for defendant county, from which plaintiff appealed.

## OPINION.

I.  The judgment was for the wrong party.  The evidence tended to prove all the allegations alleged in the petition of plaintiff, and a judgment should have been rendered in his favor for the amount of the account not barred by the Statute of Limitation.

The liability of the counties of the State for insane criminals living and residing in said counties, who were insolvent when convicted and whose sentences have been suspended, as in this case, by the warrant of the Governor, in order that they may be transferred to the State institutions for the insane, is well settled.  [Thomas v. Macon County, 175 Mo. 68; Shields v. Johnson County, 144 Mo. 76; Yarnell v. Cole County, 80 Mo. 80; R. S. 1899, secs. 2666, 4863, 4873, 4889 and 4891.]

Defendant contends that the misrecital of the place of the conviction of Wesley Hartman, contained in the Governor's warrant for his transfer from the penitentiary to the State asylum, was conclusive evidence of his residence in Wright county.  There is no merit whatever in this contention.  That part of the Governor's warrant was simply narrative.  The law does not require his warrant to state the county in which an insane criminal resided at the time of his conviction.  The liability of the counties of the State imposed by statute in cases like the present is conditioned upon the residence and insolvency of the criminal at the time of his conviction and his subsequent insanity while in the penitentiary.  These necessary elements were all shown by undisputed testimony, and entitled the plaintiff to recover.

For the error of the trial court in rendering judgment for defendant, said judgment is reversed, and this cause is remanded for a new trial. *Roy, C.,* concurs.

PER CURIAM:—The foregoing report of the commissioners is hereby adopted as the opinion of the court.