THE STATE at Relation and To Use of WABASH RAILWAY COMPANY v. PUBLIC SERVICE COMMISSION OF MISSOURI et al., Appellants.— 295 S. W. 86.

Division One, May 24, 1927.

1. **STATUTE: Retroactive Operation.** Statutory provisions are to be construed as having a prospective operation only, unless a contrary intent is evident beyond a reasonable doubt; and in case of doubt, the doubt must be resolved against their retrospective operation.

2. ———: ———: **Act of 1925: Height of Viaduct: Order in Accordance with Prior Statute.** The Act of 1925, Laws 1925, page 323, providing that "except in cases in which the Public Service Commission finds that such construction is impracticable" viaducts "shall not be less than twenty-two feet in the clear from the top of the rails" of a railroad track "to the

lowest downward projection" of the viaduct, does not express a retroactive purpose, but by its terms is clearly prospective, and refers inevitably to viaducts to be constructed after its enactment under orders of the Commission, and therefore does not affect a judgment previously rendered which approved an order of the Commission requiring the construction of a viaduct having a vertical clearance of eighteen feet over the railroad tracks, made under the prior statute giving to the Commission the exclusive power to determine the manner of the installation and construction of the viaduct.

3. ――――: ――――: ――――: **Judgment under Prior Act: Reversed and Remanded by U. S. Supreme Court.** The fact that, after this court rendered judgment approving an order of the Public Service Commission fixing the vertical clearance over the rails of a railroad viaduct at eighteen feet and held that said order was valid under the then existing statute (Sec. 10459, R. S. 1919), the case was taken by writ of error to the Supreme Court of the United States, and that court held that the effect of the Act of 1925, enacted after the entry of said judgment here and fixing the clearance of all such viaducts at twenty-two feet except in cases in which the Commission shall find such construction impracticable, was a question primarily for the determination of this court, and in order that this court might be free to consider the question, reversed the judgment and remanded the cause, and this court, in obedience to such reversal, set aside its judgment, and proceeds to consider the question of the effect of said later statute upon said prior order and judgment, is not sufficient ground for a holding that said later statute may be used to nullify said prior order or judgment. That would be to give to a party a ground for recovery which did not exist at the time the order was made.

4. ――――: ――――: ――――: **Pending Case.** The Act of 1925 relating to the height of clearances over tracks of railroad viaducts cannot be construed to give to either party an absolute ground of recovery which did not exist at the time of its enactment. It is not a statute relaing only to the remedy, nor to a new method of procedure, and where the order of the Public Service Commission has been adjudged to be valid under the law as it existed at the time the order was made, the Act of 1925 cannot be invoked to compel the Commission to make a new order increasing the clearance, although the cause is so far pending as to await a final judgment.

5. ――――: ――――: **Effect of Repealing Acts.** Sections 7061, 7063 and 7065, Revised Statutes 1919, were intended to continue in force repealed laws until proceedings commenced thereunder, regardless of their nature, might be completed. They do not give to a party a cause of action which did not exist at the time of the trial.

Corpus Juris-Cyc. References: **Railroads,** 33 Cyc., p. 296, n. 12. **Statutes,** 36 Cyc., p. 1208, n. 16.

Appeal from Cole Circuit Court.—*Hon. H. J. Westhues,* Judge.

PRIOR JUDGMENT REINSTATED.

*D. D. McDonald, Julius T. Muench, Oliver Senti, Marion C. Early* and *Lawrence McDaniel* for appellants.

(1) Section 1, Act of 1925, is not retroactive and is not applicable to the Delmar Boulevard viaduct. Williams v. Railroad Co.,

71 Conn. 43, 40 Atl. 925. (2) The judicial power of the State is vested in the courts. Sec. 1, Art. 5, Mo. Constitution. The modification of a final judgment is a judicial act, and a statute, in so far as it undertakes to vacate or nullify a final judgment, is unconstitutional, as an unwarranted invasion of the powers of the judiciary by the legislative branch of the State Government. Williams v. Railroad Co., 71 Conn. 43, 40 Atl. 925; McNichol v. Mercantile Reporting Agency, 74 Mo. 457; McCullough v. Commonwealth, 172 U. S. 102, 43 L. Ed. 382; United States v. Peters, 5 Cranch. 115, 3 L. Ed. 53; Central of Georgia Ry. Co. v. Railroad Commission of Alabama, 161 Fed. 925; Denny v. Mattoon, 2 Allen, 361, 79 Am. Dec. 784; Ex parte Darling, 16 Nev. 98, 40 Am. Rep. 495; Commonwealth v. Holloway, 42 Pa. St. 448, 82 Am. Dec. 526; DeChastellux v. Fairchild, 15 Pa. St. 18, 53 Am. Dec. 570; Menges v. Dentler, 33 Pa. St. 495, 75 Am. Dec. 616; Cooley Const. Lim. (6 Ed.) p. 111. (c) The opinion of this court having upheld the Public Service Commission which held that a greater clearance than eighteen feet at the crossing in question was not practicable leaves no reason for this court to remand this cause to the Public Service Commission for further proceedings. (3) The respondents having resisted the execution of an order of the Public Service Commission, lawful when made, until the law is changed, cannot invoke the subsequently enacted statute. State ex rel. v. Railroad, 262 Mo. 720, 731.

*Homer Hall* and *N. S. Brown* for respondents.

We recognize the elementary and well-settled rule that an act of the Legislature cannot operate retroactively to disturb the rights of parties vested by a prior final judgment of a court; but that well-settled principle can have no application in the present status of these cases for several reasons, namely: (1) The principle relied upon has general application only to final judgments or decrees; it does not apply in a case of this kind to judgments or decrees which are under review by appeal, writ of error or *certiorari* at the time the statute in question was enacted. American Steel Foundries v. Tri-Cities Central Trades Council, 257 U. S. 184; Rafferty v. Smith, 257 U. S. 226; Eastern B. & L. Co. v. Welling, 103 Fed. 352; Ketchum v. Thatcher, 12 Mo. App. 185; Rodney v. Gibbs, 184 Mo. 1. (2) The judgment of this court entered in these cases on November 25, 1924, has by proper order of the court, been set aside and in consequence these cases are now before the court for review by appeal with the Act of 1925 having been passed pending the appeal. The only existing judgment which it could be claimed was affected by the Act of 1925 is the judgment of the Circuit Court of Cole County, from which these appeals have been taken. (3) An order of the Public Service

Commission is neither a judgment nor a legislative act. Such order is merely the report of the Commission of its investigation of the facts and its conclusions thereon, made in the exercise of its statutory powers as a legislative agency or administrative body of the Legislature. (4) It cannot be claimed that any rights of the parties became vested under the order of the Commission, for the further reason that the order itself in express terms reserves to the Commission jurisdiction of the subject-matter for the purpose of making such further or supplemental orders as may in the future be required. (5) The third contention of appellants is that the finding required by the Act of April 30, 1925, has already been made. The act in question, in specific terms, requires the Public Service Commission, after hearing, to make a finding that the construction of the overhead viaduct with a clearance of twenty-two feet, or more, is impracticable. Appellants do not claim that the Commission has ever made the finding required by that act, and the only support submitted for the contention made is the quotation of a single sentence from the opinion rendered by this court on November 25, 1924, as follows: ''It is shown that the topography is such that a greater clearance is not practicable.'' The Act of 1925 requires such a finding to be made by the Public Service Commission, and not by the court. Moreover, whatever effect may be given to the quoted sentence, had the judgment of this court become final, no binding effect can be ascribed to the quoted sentence in the face of the fact that the said judgment of this court now stands reversed and set aside.

LINDSAY, C.—There was a former hearing of these appeals in which all the issues then raised were determined, and judgment was entered, setting aside the order of the Circuit Court of Cole County, and sustaining the order of the Public Service Commission. The order of the Commission required a separation of grades, and the construction of a viaduct to have a vertical clearance of eighteen feet over the railway tracks, at the Delmar Boulevard crossing in the city of St. Louis. The grounds of that judgment are stated in the opinion rendered upon that hearing, and reported in 306 Mo. 149. The present hearing is supplemental in character, and arises upon proceedings had since the rendition of that judgment. Following that judgment, and on March 12, 1925, respondents, Wabash Railway Company et al., were allowed their writ of error by the Supreme Court of the United States. Thereafter, the Legislature passed the act approved April 30, 1925, Laws 1925, pages 323, 324, whereby it was provided that except in cases in which the Public Service Commission finds that such construction is impracticable, viaducts thereafter built over any railroad tracks should be not less

than twenty-two feet in the clear from the top of the rails. The Supreme Court of the United States, when it came to consider the case, held that the situation created by the statute, enacted after the entry of the judgment by this court, presented a question of state law, which that court in the exercise of its appellate jurisdiction could decide, but was not obliged to decide; and said that the question of the meaning and effect of the statute upon the order of the Commission, the judgment of this court and upon action taken pursuant to them, was primarily for determination by this court. To the end therefore that this court might be free to consider the question, and make proper disposition of it, the judgment of this court was reversed and the cause remanded for further proceedings. In obedience to such mandate and opinion, this court set aside its own judgment; the cause was set for such hearing as directed by the Supreme Court of the United States, and pursuant thereto counsel for the parties have been heard in oral argument, and have filed briefs directed to the question so put at issue.

The statute to be considered is Section 1 of the act mentioned, and it is as follows: "Except in cases in which the public service commission finds that such construction is impracticable, bridges, viaducts, tunnels, overhead roadways, foot-bridges, wire or other structure hereafter built over the track or tracks of a railroad or railroads by a county, municipality, township, railroad company, or other corporation, firm or person, shall be not less than twenty-two feet in the clear from the top of the rails of such track or tracks, to such wire or other structure or to the bottom of the lowest sill, girder or cross-beam, and the lowest downward projection on the bridges, viaduct, tunnel, overhead roadway or foot-bridge."

Prior to the passage of this act, there was no statute prescribing uniformity of clearance in the separation of grades, and construction of viaducts at the crossings of streets or highways by railroads or street railroads; but, by Section 10459, Revised Statutes 1919, the Commission was given the exclusive power to determine the manner of installation and operation of any such crossing, and to require, where, in its judgment, it would be practicable, a separation of grades at any such crossing and prescribe the terms upon which such separation should be made. [State ex rel. St. Joseph Ry. L. & P. Co. v. Public Service Commission, 272 Mo. 645.]

The question we have is one of the meaning to be given to the Act of 1925 and of its effect under the circumstances shown. It is to be considered in the light of constitutional and statutory provisions of the State, and in view of the relation of the parties and the nature of the subject-matter. Section 15 of Article 2 of the Missouri Constitution provides: "That no . . . law . . . retrospective in its operation, can be passed by the General Assembly." In State ex

rel v. Dirckx, 211 Mo. l. c. 577, 578, in Court en Banc, it was said: "The settled rule of construction in this State, applicable alike to constitutional and statutory provisions, is that, unless a different inent is evident beyond reasonable question, they are to be construed as having a prospective operation only. [State ex rel. v. Greer, 78 Mo. l. c. 190; State ex rel. v. Frazier, 98 Mo. 426; Leete v. Bank, 141 Mo. 574; Shields v. Johnson County, 144 Mo. 76.)" In State ex rel. v. Wright, 251 Mo. l. c. 325, also in Court en Banc, the substance of the foregoing was reiterated, and it was said the rule is in consonance with the text-book law. "In every case of doubt, the doubt must be resolved against the retroactive effect." [36 Cyc. 1208.]

The Act of 1925 does not express a retroactive purpose, but by its terms it is plainly prospective in operation. It refers to viaducts to be constructed thereafter, and this reference, inevitably, is to viaducts which are to be constructed under orders of the Public Service Commission and therefore necessarily under orders to be made by the Commission, after the passage of the act. Under the act, such order must require a construction affording a clearance of twenty-two feet, or, if directing a less clearance, must be predicated upon the finding of fact made that the making of a clearance of twenty-two feet in the given instance would be impracticable.

The discussion of the respective counsel turns upon the question whether there is a final judgment or was one when the Act of 1925 went into effect. Counsel for appellants treat the judgment of this court as a final judgment, and urge that, since by the Constitution (Sec. 1, Art. VI) the judicial power of the State is vested in the courts, this subsequent legislative act cannot be construed so as to vacate or nullify such judgment. Counsel for respondents say there is no final judgment, and insist that the principle mentioned applies only to final judgments or decrees, and cannot apply where the judgment in question was under review by appeal, or writ of error, at the time the statute in question was enacted. For that reason it is urged that the Act of 1925 was not ineffective, as foreclosed by an existing, final judgment, but was effective as a controlling factor in a cause pending. Upon that, citation is made to several cases: American Steel Foundries v. Tri-Cities Central Trades Council, 257 U. S. 184; Rafferty v. Smith, 257 U. S. 226; Eastern B. & L. Co. v. Welling, 103 Fed. 352; Ketchum v. Thatcher, 12 Mo. App. 185; Rodney v. Gibbs, 184 Mo. 1. There are also other cases cited in support of the contention that a judgment pending a review does not have the finality of an adjudication; and attention is directed to the fact, that this court has set aside its judgment.

In the American Steel Foundries case, the complainant's bill was one for injunction against employees engaged in a strike. An in-

317 Mo.—12.

junction was granted by a Federal district court. An appeal was taken to the United States Circuit Court of Appeals. Pending the appeal, the Clayton Act was passed by Congress, which defined the powers of judges of United States Courts in granting restraining orders or injunctions in industrial disputes. The Circuit Court of Appeals took notice of and gave effect, to the provisions of the Clayton Act upon that subject. Upon *certiorari* to the Supreme Court of the United States, it was contended that no retroactive effect could be given to the Clayton Act, because the rights had become vested by the decree of the district court, entered prior to the passage of the act. The Supreme Court held that the complainant had no vested right in the decree of the district court while it was subject to review; but in that case it seems there was also consideration that because relief by injunction operates *in future*, the right to it must be determined as of the time of the hearing, and that therefore Section 20 of the Clayton Act relating to injunctions was controlling in so far that decrees, entered after its passage, should be made to conform to its provisions.

In the Rafferty case, which was before the Supreme Court of the United States for review by *certiorari*, the respondent had obtained a judgment against Rafferty, Collector, for certain taxes on the value of exports from the Philippine Islands, collected under the ostensible authority of the act of the Philippine legislature. Subsequently, by an Act of Congress, duties on such exports were legalized, ratified and confirmed. This act of Congress was passed after the case had been taken to the Supreme Court for review, and the court gave effect to this subsequent legislation. It was held that it was within the power of Congress to ratify the collection of the taxes, a thing which Congress might have authorized, but had not authorized before their collection; and, that this subsequent ratification was valid, even as against a judgment for restitution obtained before the act of ratification, where the judgment at the time of ratification was reviewable and was subsequently reviewed. The substance of the holding in Ketchum v. Thatcher, supra, was, that when a judgment is appealed from with *supersedeas* or stay of execution, it must, until the appeal shall be determined, be denied recognition for any practical efficacy whatever, in a collateral proceeding.

The decisions in the American Steel Foundries and Rafferty cases involved the question of the power of Congress by subsequent legislation to deal with transactions past, or pending under prior laws, and the subject of litigation pending at the time of the enactment of the subsequent legislation. The question submitted to us is one of state law, and determinable in view of constitutional and statutory provisions of the State as construed by the state court.

Therefore, we do not think an extended discussion of the cases cited, or of the question of the status of the judgment vacated by this court pursuant to, and for purposes stated in the opinion of the Supreme Court of the United States, is necessary. The case has been reopened to determine a single question of state law which has been submitted by the Supreme Court of the United States.

Laying aside the question whether there is or was a final judgment, we have then an action pending, which is a judicial proceeding, the statutory action for review of an order of the Public Service Commission. The effect of the Act of 1925 upon this proceeding must be considered and construed not only in view of the terms of the Act, which in itself is prospective in operation, but also in view of certain general statutes of this State, which are declatory of policy, and guides to construction as well. In determining the effect of newly enacted laws upon pending actions or proceedings where the retroactive or prospective effect of the new law is in question, we look to Sections 7061, 7063, 7065, Revised Statutes 1919.

The applicable part of Section 7061 is as follows: "Nor shall any law repealing any former law, clause or provision be construed to abate, annul or in any wise affect any proceedings had or commenced under or by virtue of the law so repealed, but the same shall be as effectual and be proceeded on to final judgment and termination as if the repealing law had not been passed, unless it be otherwise expressly provided."

Section 7063 is as follows: "The repeal of any statutory provision shall not affect any act done or right accrued or established in any proceedings, suit or prosecution, had or commenced in any civil case previous to the time when such repeal shall take effect; but every such act, right and proceeding shall remain as valid and effectual as if the provisions so repealed had remained in force."

Section 7065 is as follows: "No action, plea, prosecution, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal; but the same shall proceed, in all respects, as if such statutory provisions had not been repealed, except that all such proceedings had after the time of taking effect of the Revised Statutes shall be conducted according to the provisions of such statute, and shall be in all respects subject to the provisions thereof, so far as they are applicable."

The Act of 1925 is not a repeal, in express terms, of the provisions of Section 10459, Revised Statutes 1919, or of any part of the latter section, but necessarily it is a repeal of Section 10459 in part, and to the extent that it takes from the Commission the power to order the construction of a viaduct upon the unrestricted terms of Section 10459. The effect of the general sections quoted was under consideration in State ex rel. v. Hackmann, 272 Mo. 600. It was there held

that in their application they were not to be confined solely to judicial transactions. It was said, l. c. 609: "The limitation of the operative effect of these sections to judicial transactions as contended for by respondent, is not in accord with their terms, nor with the evident purpose of their enactment. Their general nature authorizes the conclusion that they were intended to continue in force repealed laws until proceedings commenced thereunder, regardless of their nature, might be completed. This was the construction placed upon them in the cases cited, and we have been unable to reach a contrary conclusion."

We think this is true whether the application of the Act of 1925 is sought to be made to the order of the Commission, or, as counsel for respondents further insist, is sought to be made to the judicial action pending, under the policy expressed in the sections foregoing, the cases mentioned, and the many cases cited in Christine v. Luyties, 280 Mo. 416. We think the result is the same whether we have a final judgment existing at the time the act was passed, or whether we consider that we have an action yet pending and not finally adjudicated. The Act of 1925 is not one going only to the remedy. It is an act which, if given the application urged by respondents, would give to them in this case, not a new form of remedy, or a new method of procedure, but an absolute ground of recovery which did not exist at the time the act was passed. In Hope Mutual Insurance Co. v. Flynn, 38 Mo. l. c. 485, it was said: "No new ground for the support of an existing action ought to be created by legislative enactment, nor any legal bar which goes to deprive a party of his defense." If the act be given the effect contended for by respondents, it would "affect" the action pending not in the way of any change of procedure, or kind of remedy, or method of pursuing the remedy, but would create a right of action in respondents, a distinct and absolute ground of recovery, which did not exist when the action was begun, and irrespective of all the other issues originally made in the proceeding of review.

Our conclusion is that the Act of 1925 does not apply to the subject of this controversy, and that the judgment set aside should be reinstated. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.