STATE EX REL. ALTON RAILROAD COMPANY, Appellant, v. PUBLIC SERVICE COMMISSION.—70 S. W. (2d) 55.

Division One, March 14, 1934.

*Charles M. Miller* for appellant.

*D. D. McDonald, G. C. Murrell, Fred A. Boxley* and *Rufus Burrus* for respondent.

HYDE, C.—This case, coming to the writer by reassignment, is an appeal by the Alton Railroad Company from the judgment of the Circuit Court of Cole County affirming an order of the Public Service Commission requiring the railroad to contribute to the cost of a bridge. In 1931, Jackson County made application to the commission for an order authorizing the construction of a concrete bridge, over the track of the railroad at Blue Springs and apportioning the cost thereof. The estimated cost of the new bridge was $7,230.30.

The answer of the railroad was substantially the same as its answer in State ex rel. Alton Railroad Co. v. Public Service Commission, 334 Mo. 985, 70 S. W. (2d) 52, decided concurrently herewith, the allegations of which are therein noted.

The county, as a part of its $10,000,000 road building program, planned to build an 18-foot concrete highway from U. S. Highway 40 north through Blue Springs, to an east and west paved county road which connected the towns of Oak Grove, Grain Valley and Blue Springs with Independence. The length of the new road was about one mile. It replaced a road which was partly macadam and partly oiled earth. At the point where it crossed the railroad's single track, in the northern part of Blue Springs, there was an old bridge, 15 feet-10 inches in width, of wooden super structure and steel underframe. This bridge had been built in 1900 and was referred to as a "camel-back" bridge, high in the center, with approaches on both sides on a six per cent grade. It was proposed to build a new road with a more gradual grade and with an increased height above the tracks. There was evidence that the old bridge would not carry a load of more than forty-five pounds per square foot uniformly distributed, which about equaled the load of a 5-ton truck. The new bridge was designed to carry the load of a 20-ton truck and was to be twenty feet wide. The county engineers were of the opinion that the old bridge was inadequate and dangerous because of its steep grade, high "hump," narrow width and insufficient strength. The purpose of the new road was to serve the local traffic between Blue Springs and U. S. Highway 40 and between Blue Springs and the Independence road. The population of Blue Springs was 753. On behalf of the railroad it was shown that traffic from Blue Springs to Independence could go by way of U. S. Highway 40 and would only save about one mile, traveling by the new route and the existing county road. It was also shown that State Highway 7 was located from one-half to three-quarters of a mile from the proposed road, connected U. S. Highway 40 and the east and west county road, and crossed under the railroad track by a subway. It was the county's contention, however, that this road was for through traffic between U. S. Highway 40 and U. S. Highway 24 and would not adequately serve the local traffic of Blue Springs.

The commission found that the narrow bridge with its "hump" created a hazardous condition and that it would not adequately serve the traveling public on the new road. The commission ordered that the new bridge be built; that the cost be divided equally between the county and the railroad company; and that the county should maintain the new bridge.

The case is very similar to the Noland Street road case, 334 Mo. 985, 70 S. W. (2d) 52, decided concurrently herewith. The same contentions are made concerning the authority of the Public Service

994

Commission and the violation of constitutional provisions because this is not a grade crossing and upon those matters it is ruled by that case.

█ It is also contended here, by the railroad, that the commission's order is unfair, unreasonable and unjust because this was not a grade crossing and because the present bridge was adequate and no reasonable necessity for the project was shown. The railroad contends that for a town of 753 people no better bridge is necessary. We cannot agree with this contention. The present bridge was built in 1900; its narrow travel space, its small load capacity, and its "camel-hump" construction would seem to classify it as a relic of those "horse and buggy days." Jackson County has more than doubled in population, as have its principal cities, Kansas City and Independence, since this bridge was built. Even Blue Springs and its neighboring small towns have considerably increased in size; but of greater significance, than this remarkable growth in population, has been the development of modern motor transportation and the increase of traffic caused thereby during the existence of this old bridge. Whether the amount of traffic developed by the greater population of Jackson County and the "motor age" required a new concrete slab from U. S. Highway 40 through Blue Springs to the Independence road was not for the consideration of the Public Service Commission. [State ex rel. Chicago & Great Western Ry. Co. v. Public Service Comm., 330 Mo. 729, 51 S. W. (2d) 73; State ex rel. Kansas City Terminal Ry. Co. v. Public Service Comm., 308 Mo. 359, 272 S. W. 957; City of Kirksville v. Hines, 285 Mo. 233, 225 S. W. 950.] But the county, having decided to build such a road, the question of the place and manner of its crossing, which the welfare and safety of the public required, was for the commission alone to decide. [Sec. 5171, R. S. 1929.] The modern 18-foot concrete pavement which is being built to this bridge would seem to require more than its less than 16-foot width to make the crossing safe for the traveling public. The age of this bridge would seem to make it necessary for the railroad to replace it some time soon, regardless of the new road. The commission's order relieves the railroad for all time of its maintenance, which, according to the railroad's engineer, would amount to from $50 to $75 per year on a wooden structure. We hold that under the showing made the order and apportionment of the commission is not unreasonable.

We overrule the railroad's contentions concerning its financial condition for the reasons stated in the Sterling Avenue Subway case, 334 Mo. 1001, 70 S. W. (2d) 61, decided concurrently herewith.

The judgment is affirmed. *Ferguson* and *Sturgis, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.*, absent.