## THOMPSON *vs.* SMITH & CAVENDER.

The act of Feb. 15, 1841, (see session acts of 1840-41, p.15,) providing, that judgment may be rendered, in certain cases, against the principal and sureties in the bond given in retaining possession of property attached, is prospective, and applies only to bonds executed after the passage of the act.

ERROR to St. Louis Circuit Court.

SPALDING *and* TIFFANY, *for Plaintiff in Error.*

1. This proceeding by motion on a bond, for the forthcoming of property attached, is under the Act of Assembly of Feb. 15, 1841.—Acts of 1840-41, p. 15.

2. The act was prospective, and does not authorize judgments on such bonds by motion, except in cases where the judgment in the original suit shall be rendered after the passage of the act.—See the phraseology of the act.

3. That act does not apply to bonds which had been given under statutes not then in force, its language expressly confining the summary remedy there furnished to bonds *given as now authorized by law.*

1st. The bond in question was taken while the act in Revised Code, p. 75, was the only law on the subject of attachments.—See sec. 14 and 37.

2d. That act was modified by act of February 6, 1837, p. 8, sec. 2, authorizing the giving of bonds for the property, different from any bond under the former law, which last act is still in force, and was in force in 1841.

4. The bond in question was not authorized by any law, was a mere voluntary bond, and of course not embraced in the act of 1841, giving the remedy by motion.—See Revised Code, p. 78, sec. 14; *Ibid.,* p. 80, sec. 37; Acts of 1836-37, p. 8, sec. 2.

HOLMES, *for Defendant in Error.*

1. The act of 1841, on this subject, is a remedial statute; and it was designed to furnish a speedy remedy upon bonds of this kind, and to obviate the necessity of a suit upon the bond, which would always be attended with delay, trouble and expense.—Acts of 1841, p. 15.

2. This bond came within the terms and policy of that act, as a bond continuing in force, and given as theretofore authorized by law.—Acts of 1841, p. 15.

TOMPKINS, J., *delivered the opinion of the Court.*

In December, 1836, an attachment at the suit of James Smith, William H. Smith, and John Cavender, plaintiffs, against Charles Gillaspie and Samuel Cover, defendants, was levied on fifteen sacks of coffee, which were released from the attachment by the sheriff, on his taking a bond conditioned, that if the effects so attached and restored should be produced and delivered, subject to the

judgment of the court, &c., then the obligation to be void, otherwise it should remain in full force.

On the second day of November, 1843, a rule was served on John S. Thompson, one of the obligors in said bond, requiring him and Samuel Cover, the other obligor, to produce the coffee, and deliver it to the sheriff on the third Monday of that month. On the fifth day of December, 1843, a motion was filed by the said Smiths and Cavender, for judgment on said bond against Cover and Thompson, the principal and security in the bond. Notice was served on Thompson only; and on the 22d of December, judgment was rendered on this motion, in favor of Smith, Smith and Cavender, against John S. Thompson, for $124 63, debt, and $58 87, damages. To reverse this judgment, Thompson has sued out this writ of error.

On the trial of the motion, the plaintiffs gave in evidence the said bond, the said order of the court to produce the property, with the sheriff's return thereon that the same was not produced; and execution in favor of the said plaintiffs against Samuel Cover, impleaded with Charles Gillaspie, issued the 29th September, 1837, with the sheriff's return, that Cover had no property in his county, and that the property attached at the commencement of the suit was not found, nor delivered according to the condition of the bond. No other testimony was given on the motion.

The defendant, Thompson, then asked the court to decide (in the nature of an instruction to a jury) that there could be no judgment for the plaintiff in this form of proceeding upon the bond: this decision the court refused to make; and the defendant excepted to the decision of the court.

The act of 15th February, 1841, p. 15 of the pamphlet acts, is the first act that gave the plaintiffs in attachments the right to proceed on bonds, of the character of this under consideration, by motion. The act is entirely (as it should be) prospective. The words are—"That whensoever, in an attachment suit, judgment *shall* be rendered against the defendant, and an execution issued thereon, and the return of 'No property found' shall be made thereto, it shall be lawful for the Circuit Court, &c., on motion of the plaintiff in such suit, to enter judgment in his favor for the amount due, &c., against the principal and his securities, in the bonds, &c.

It is contended by the counsel for the defendants in error, that this is a remedial statute, designed to furnish a speedy remedy upon bonds of this kind, and to obviate the necessity of a suit upon the bond, which would always be attended with delay, trouble and expense. This is rather a new idea of a remedial statute. It might be very beneficial to the plaintiffs in the action, but it has not been thought beneficial to the obligors in such bonds, to have their liability under the bond decided on in this summary mode, and certainly the legislature have not used such words as to leave its intentions doubtful. Many persons might be willing to become security in a bond if a suit were to be brought on it in the usual manner, who would by no means become so if judgment could be entered on motion in a summary manner.

The judgment of the Circuit Court must be reversed.