Litson v. Smith.

W. H. Litson, Respondent, v. J. M. Smith *et al.*, Appellants.

Kansas City Court of Appeals, January 11, 1897.

1. **Schools:** ACT OF APRIL 11 1895: CONSTRUCTION: ANNEXATION. The act of April 11, 1895, is applicable to the extension of the city limits made prior to said date and a portion of a school district lying adjacent to such city district *ipso facto* became a part of the city district; and the said act is not retrospective in the constitutional sense and the remaining portion of the adjoining district not so annexed by said act is entitled to be annexed under section 8097a, Acts 1895, page 260.

2. ——: STATUTORY CONSTRUCTION: ANNEXATION. Under section 8097a, *supra*, the right of annexation may be exercised as follows:

   (1) When the fractional district has an organization and the territory and the school population required by law.
   (2) When such district has no organization but has the territory and school population required by law.
   (3) When it has an organization and school population but not the territory required by law.
   (4) When it has the territory, but not the organization nor the population required by law.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*W. M. Bowker* for appellants.

(1)   Plaintiff is not entitled to relief asked for the reason his district has not been deprived of a portion of its territory since April, 1895, by an extension of the city limits.   See section 2, 8097a, page 260, Session Acts 1895.   Plaintiff's district was deprived of a portion of its territory by reason of the amendment of section 8083 making the school boundary and city boundary the same.   Section 8083, page 260, Session Acts 1895, section 2, 8097a, under which plaintiff is proceeding, is to be construed prospectively and does not apply to the facts in this case.   See *Leete v. Bank*, 115 Mo. 184; *Thompson v. Smith*, 8 Mo. 723.   (2)   That portion of a divided district lying outside the limits of a city, town, or village can not compel the city, town, or village to annex them unless they have been reduced to a smaller number of school children than that required by law or reduced to less than nine square miles of territory.   Section 2, 8097a, page 260, Session Acts 1895.   (3) It is a rule of construction of statutes that general and unlimited terms are limited and restrained by particular recitals when used in connection with them.   *Dart v. Bagley*, 110 Mo. 42; *Miller v. Wagenhauser*, 18 Mo. App. 14.

*Hoss & Scott* for respondent.

(1)   It is very clear from reading the two sections 8083 and 8097a that it does not matter when the city limits were extended, as section 8083 says: "Every extension that has heretofore been made or which may hereafter be made of the limits of any city, town, or village," etc.   The petition in this case alleges that a portion of the school district in question was thrown within the city limits by reason of the extension of limits

of the city. It does not matter certainly when this extension was made, as the law says, "whether heretofore or hereafter." (2) We submit that the trial court did not err in granting the peremptory writ, and that the finding was right. Section 8097a makes three provisions: *First*. That in case the city limits, either heretofore or hereafter, having been extended, a portion of the country district should by reason of this law become a part of the city district, then that portion of the country district outside the city limits should have the right of annexation by taking a vote upon that question. *Second*. If by reason of the country district so losing a part of its territory, it remained of less dimensions than nine square miles, or had left less than the necessary school population, then the remaining portion could be annexed, as a matter of course, without a vote, simply by presenting a petition, etc. And, *third*, one or more school districts adjacent to each other, when deprived of territory, etc., may elect to continue as a separate district, or to join other school districts.

SMITH, P. J.—This is a proceeding by *mandamus*, the object of which was to compel defendants, who are members of school board of the city of Nevada, to meet in their capacity as members of said school board, and confirm the annexation of that part of school district number 48, lying outside of the limits of said city, in the manner required by law, and to recognize the petitioner (respondent here) as a resident of said Nevada school district.

The alternative writ, amongst other things, alleges that prior to April 11, 1895, the territorial limits of the city of Nevada had been extended so as to embrace therein a part of the adjacent school district number 48. It is further therein alleged that the legislature,

on said above named date, passed an act, with an emergency clause therein, by the terms of which act it was provided that any city, town, or village, the plat of which had been previously filed in the recorder's office of the county in which the same was situate, should be organized into a single school district, and that, by reason of the passage of said act, that part of said school district number 48, lying within the territorial limits of said city, became part of said Nevada school district.

It was further therein alleged that the inhabitants of that portion of the territory of said school district 48, remaining outside of said city, desiring to be annexed to and become a part of said Nevada school district, had held an election in the year 1896, as provided by law, for the purpose of voting upon the proposition as to whether or not said portion of said district was desirous of becoming annexed to said Nevada school district, and that at said election a majority of all the votes cast of said remaining portion of the district voted in favor of annexation; and that thereafter the secretary of said school district certified the fact of said election and vote to annex, with copy of the record, to the board of directors of said district, and also to the board of directors of said Nevada school district, etc.

The appellants filed a demurrer to the alternative writ, which was overruled and judgment given accordingly, and from which defendants have appealed. The question raised by the demurrer and which we are required to decide, is whether the facts stated in the alternative writ entitle the petitioner to the relief demanded. The solution of this question is dependent upon the construction to be placed upon the provisions of the said act of April 11, 1895. As already stated, the territorial limits of the city of Nevada had previously to the date of the passage of said act of

Litson v. Smith.

April 11, 1895, been so extended as to include therein

SCHOOLS: act of April 11, 1895: construction: annexation.

a part of the territory of school district 48. By the terms of the first section of said act, which was amendatory of section 8083, Revised Statutes, it was provided that "every extension *that has heretofore been made*, or that may hereafter be made, of the limits of any city * * * shall have the effect to extend the limits of such city * * * to the same extent," etc. To this amendatory section of the act was added an entire new section, to be known as section 8097a. In the latter it is provided that: "Whenever, by reason of the limits of any city, town, or village being extended, a portion of the territory of any school district adjacent thereto has been incorporated in the city, town, or village, the inhabitants of such remaining part of the district shall have the right to be annexed to such city, town, or village. It is thus seen that the effect of the passage of said act was, *ipso facto*, to transfer so much of the territory of school district 48 as was situate within the limits of the city of Nevada to the Nevada school district. And the question now is whether the inhabitants of the remaining fractional part of said district 48 had the right to be annexed to said Nevada school district.

The defendants object that the act is inapplicable and can not be construed to confer upon the inhabitants of said fractional part of said district 48 such right, unless it be given a retrospective operation. While the act had the effect to subtract from district 48 a certain part of its territory and to add the same to the Nevada school district, it at the same instant of time conferred upon the inhabitants of the remaining fractional part of said district the right to be annexed to the Nevada school district. These two provisions of the act were simultaneous declarations of the legis-

VOL. 68 app—26

lative will. The exercise of the right of annexation conferred by the second section of the act depended upon whether the conditions mentioned in the first section existed. These latter conditions were brought into existence by the enactment of the first section. In looking at said act in its entirety, we conclude that it was the clearly expressed intention of the legislature to provide that in all cases where the effect of the amendatory section was to deprive any school district of a part of its territory, and to add the same to any city, town, or village within whose extended limits it had been included, that, under the second section, the inhabitants of the remaining part of the curtailed district should have the right to be annexed. The act is an enabling statute, and since it is presumed to have been known to the legislature that the enactment of the annexation section would have the effect to curtail the territory of a great number of school districts adjacent to cities, towns, and villages, it evidently was its design not to leave the inhabitants of the remaining fractional parts of said district thus helpless and without the right to be annexed, either to the city, town, or village district, or to one or more of the other outlying adjacent districts.

Again, a statute is not retrospective, in a constitutional sense, because a part of the requisites for its action is drawn from a time antecedent to its passage. Endlich on Interp. Stat., secs. 280, 287. In *Hart v. Leete,* 104 Mo. 315, it was held by the supreme court of this state that the act of March 25, 1875 (now section 6869, R. S.), applied in all cases where the husband had not, at the date of the act, possessed himself of the wife's personal property, no matter when the marriage took place. And it has been ruled by the supreme court of the United States, that an act authorizing the imposition

*——: statutory construction: annexation.*

of a tax, according to a previous assessment, was not subject to the objection that it was retrospective in its operation. *Lock v. New Orleans,* 4 Wall. 172. An act for the better security of mechanics was applicable where the work was done after the act took effect, though the contract was entered into before its passage. *Miller v. Moore,* 1 E. D. Smith (N. Y.), 739. These and other cases that might be cited sufficiently illustrate the application of the rule just quoted.

There is no question of vested rights in this case, as in *Leete v. Bank,* 115 Mo. 184, so that the reasoning of that case is inapplicable here. Nor do we think that *Thompson v. Smith,* 8 Mo. 723, sustains the defendant's contention, for it will be seen by reference to it, that the act there under consideration was in terms entirely prospective. There are no words there, as here, evincing a plain legislative intent that it should apply to certain coexisting conditions. If the second section of this act stood alone, there would be a striking similarity between the two acts, but when we look at all the provisions of the latter, it will be seen the two are wholly dissimilar. It is an elementary rule that the construction of a statute is to be made of all its parts together and not of one part only by itself. Endlich on Interp. of Stat., sec. 35. When the two sections of the act are read and considered together, it becomes obvious that the right conferred by the second may be invoked when the conditions created by the first are found to exist. Notwithstanding the limits of the city of Nevada were extended prior to the passage of the act, and that the passage of such act had the effect to deprive said district 48 of part of its territory, we think that it is applicable, and conferred upon the inhabitants of the fractional part of the district, not so included in the Nevada school district, the right to be annexed to the latter. We can not yield our assent to the

contention that in order to make the act applicable to the facts stated in the writ it is necessary to give it a retrospective effect within a constitutional sense.

II.   The defendants further contend that the writ does not allege that the remaining part of the territory of said district 48 was reduced, by reason of the extension of the limits of said Nevada school district, to less than nine square miles, or that the school population of said portion of said district was reduced to a smaller number than that required by law, and that therefore the said inhabitants of said remaining portion of said district were not entitled, under the provisions of said section 8097a, to the right to be annexed to said Nevada school district.   That part of section 8097a hereinbefore quoted contains certain provisos, which are as follows: "Provided, that when such part of a school district desires to be so annexed, an election shall be held at a special meeting, as provided in section 8097, and should a majority of the votes cast favor annexation, the secretary shall certify the fact, with a copy of the record, to the board of said district and to the board of said city, town, or village school district; whereupon the board of such city, town, or village district shall meet and confirm such annexation by a proper resolution of record; and provided, that when such part of a school district has no organization, any ten qualified voters may call a meeeting of the district and proceed as provided in the foregoing section; and the secretary of such meeting shall certify if the majority vote for annexation, to the board of directors of the city, town, or village school district, and the same action shall be taken as provided above.   The remaining portion of such district shall be entitled to be attached to said city, town, or village school district. Provided, that the school population of said adjoining district has been reduced to a smaller number than

that required by law, or the territory has been reduced to less than nine square miles; and whenever such adjoining fractional district shall desire to be so annexed, a petition or memorial shall be presented to the city, town, or village school district, informing the board of directors of the same of their desire to be annexed, and giving the boundary of the fractional district desired to be annexed, the number of inhabitants in the same, and the number of children of school age; whereupon the board of directors of such city, town, or village school district shall take such action for the incorporation of such adjoining territory as is required to be taken when territory has been annexed, as provided in section 8097a. * * *'' Acts 1895, pp. 260, 261.

The meaning of these several provisos is somewhat obscure, but we think the language of the same, when fairly interpreted, must be held to mean that the annexation contemplated by the first and second provisos is when the fractional district contains the territory and the school population which a district is required by law to have. This, we think, is necessarily implied from the language of the third proviso, which authorizes a fractional district, having a less territory or school population than is required by law, to be annexed by presenting a memorial to the board of directors of the city, town, or village, etc. The right of annexation conferred by the first part of the section may be exercised by the inhabitants of a fractional outlying district, when there exists any one of the conditions named in either of said provisos; or, in other words, the right of annexation may be exercised, *first*, when the fractional district has an organization and the territory and school population required by law; *second*, when it has no organization, but has the territory and school population required by law; *third*,

when it has an organization and school population, but has not the territory required by law; *fourth*, when it has the territory, but no organization, and besides has not the school population required by law.

While the alternative writ does not allege that said fractional district contained the territory and school population that a district is required by law to have, yet these facts may be fairly inferred from the other facts alleged, so that we think that a case under the first proviso of said section 8097a is sufficiently stated to entitle the petitioner to the writ.

The judgment will be affirmed.    All concur.