# MARCH, 1930.

STATE EX REL. WILLIAM M. GREEN, RELATOR, v. WILLIAM C. BROWN, COLLINS THOMPSON, CORNELIA L. COMPTON, W. P. MASON, BERNICE C. GRANT AND JOHN D'ARCY, BOARD OF DIRECTORS, KIRKWOOD SCHOOL DISTRICT, RESPONDENTS.—31 S. W. (2d) 215.

St. Louis Court of Appeals. Opinion filed September 15, 1930.

*Judson, Green, Henry & Remmers* and *John R. Green* for relators.

*George F. Heege* for *Amicus Curiae.*

*Robert C. Powell* for respondents.

NIPPER, J.—This is a proceeding in mandamus, by which the relator seeks to compel the board of directors of the Kirkood School District to allow his child to attend school in the Kirkwood School District without the payment of tuition, on the theory that the extension of the city limits of the city of Kirkwood also extended the limits of the Kirkwood School District so as to include the territory in which he lived.

The case is submitted here upon an agreed statement of facts, and we will set out so much of such facts as we deem necessary to a proper determination of the questions at issue.

The relator is a resident, citizen, and taxpayer of the city of Kirkwood. The minor child of relator was until the 28th day of February, 1930, a pupil in the third grade of the John Pitman School, one of the public schools controlled and maintained by the Kirkwood School District. On the 25th of February, 1930, the board of directors of said school district ordered that certain children, one of whom was the child of relator, be excluded from the public schools of the Kirkwood School District until tuition was paid for said children.

The Kirkwood School District was incorporated by a special act of the Legislature of the State of Missouri, approved February 17, 1865. The Kirkwood School District still retains its special charter. The original town or city of Kirkwood was incorporated by an act of the Legislature in 1865, said territory being entirely included within the limits of the Kirkwood School District as originally incorporated. In 1899, the city of Kirkwood became a city of the fourth class, and has remained such since that time. In 1893, by vote of the people, the limits of the school district were reduced in size, and that portion of the territory taken from the Kirkwood School District became a part of the Des Peres School District, and relator is a resident of that portion of the territory so detached from the original school district. In 1894, by vote of the people, the limits of the Kirkwood School District were again reduced, and a new district was formed of the portion taken from the Kirkwood School District, known as the Meramec Highlands District. At various times since the reorganization of the city of Kirkwood as a city of the fourth class, the limits of the city were extended. On July 6, 1925, the city of Kirkwood, by special election, again extended the limits of said city, and said limits when so extended included the territory of which relator and his minor child were residents. On the 18th day of February, 1928, the respondents herein, on behalf of the Kirkwood School District, filed an injunction proceeding in the circuit court of St. Louis county, for the purpose of determining whether or not the extension of the limits of the said city of Kirkwood had the effect of extending the limits of the Kirkwood School District to the same extent.

In this petition the Kirkwood School District alleged the incorporation of the school district of the city of Kirkwood, the reduction of the limits of the Kirkwood School District, as well as the various extensions of the limits of the city of Kirkwood, alleging also that the legal effect of extending the limits of the city of Kirkwood was to extend the limits of the Kirkwood School District to the same extent. This suit was brought against certain other districts, alleging that such districts had failed and refused to surrender to the Kirkwood School District the moneys, taxes or the proportionate parts thereof, flowing from such territory.

Relator's petition in that case asked for an order declaring that this territory, which had been included within the limits of the city of Kirkwood, be declared a part of the Kirkwood School District, and for an injunction restraining the other districts from interfering in any way with the Kirkwood School District or its officers.

After the pleadings were made up and the cause was submitted, arguments made and briefs filed, the circuit court entered the following order: "Finding and decree for defendants. Petition dismissed at plaintiff's costs." Judgment was rendered accordingly. The Kirkwood School District filed its motion for a new trial, which was overruled. No appeal was taken from this order. On April 24, 1928, a demurrer was filed to the petition filed in the circuit court of St. Louis county, on the ground that the petition did not state facts sufficient to constitute a cause of action. On the 5th of November, 1928, this demurrer was overruled. On the 28th of December, following, the respondents in that case filed their joint answer, and on the 21st of June, 1929, an agreed statement of facts was filed, and the case was submitted and taken under advisement of the court. On the 26th of August, 1929, a finding and decree was rendered and entered by the court for the defendants in that case, and the petition was dismissed at relator's costs.

There are two questions presented by this proceeding: First, did the extension of the limits of the city of Kirkwood *ipso facto* extend the limits of the Kirkwood School District?; second, were the proceedings in the circuit court of the county of St. Louis *res adjudicata* as to these questions?

After this suit was brought, leave was granted the outlying school districts affected to file briefs as *amicus curiae*. In this brief, it is argued that the Kirkwood School District operates under a special charter, that such district is special and complete in itself, and is not a city or town school district within the meaning of the law, and that therefore the extension of the limits of the city of Kirkwood do not extend the limits of the Kirkwood School District. Counsel for the board of directors of the Kirkwood School District briefs and argues the case solely upon the question of *res adjudicata*. With respect to *res adjudicata*, it is suggested that a school district in its official

capacity is representative of its citizens and taxpayers, and a judgment for or against it, or its legal representatives, is binding upon all, though they are not parties to the suit, but they are in a class suit brought by the board of directors of the school district, and that all parties in the same class are privies and occupy the same relation to the subject-matter involved.

Appreciating fully the contention made by learned counsel, we are of the opinion that the proceedings had in the circuit court of the county of St. Louis are not *res adjudicata* and binding upon the relator in this case so as to prevent him from maintaining this action. The present action was not brought by the same parties who brought the original action. Nor was such action brought by persons similarly situated. There is no conclusive proof here that the adjudications in the injunction suit disposed of the merits of the case, and the injunction sought was not necessarily a mandatory one, but rested within the discretion of the court. Relator in this case is interested in a different way to what the board of directors of the Kirkwood School District were in the original injunction suit brought in St. Louis county.

Where the court merely refuses an injunction in the exercise of its judicial discretion, such action cannot be taken as an adjudication of the merits of the case, and is not *res adjudicata* as to these questions. [Duraflor Products Co. v. Pearcy (Mo.), 29 S. W. (2d) 83.]

We do not think the rule of *res adjudicata* could be applied upon the theory that the board of directors of the Kirkwood School District, who were plaintiffs in the injunction suit, represented relator, or that relator was constructively represented by the district or city bringing the suit, because the litigation in the original case was between the Kirkwood School District and the outlying districts. The question would be: Which of these districts and which of the parties represented relator in that case? Before a former adjudication can be successfully pleaded as a bar, there must be the concurrence of four definite identities, namely, identity of the thing sued for, identity of the cause of action, identity of persons and parties to the action, and identity as to the quality of the person for or against whom a claim is preferred. And, in addition, the parties must have been adversaries in the former suit as to matters at issue in the present one. [Missouri, Kansas & Texas Ry. Co. v. American Surety Co., 291 Mo. 92, 236 S. W. 657; Charles v. White, 214 Mo. 187, 1. c. 211, 112 S. W. 545; Womach v. City of St. Joseph, 201 Mo. 467, 1. c. 480, 100 S. W. 443.]

And again, where a case is tried on several issues, a general judgment which may be referred to either of the issues is not conclusive. [34 C. J., p. 966.]

We are of the opinion that the plea of *res adjudicata* ought not, and cannot, be successfully interposed in this case.

Now, as to the next question: Did the extension of the city limits of the city of Kirkwood *ipso facto* extend the limits of the Kirkwood School District? The relator contends that it did, and in support of his contention relies upon section 11236, Revised Statutes 1919, or that portion of said section which provides that every extension that has heretofore been made, or that hereafter may be made, of the limits of any city, town, or village, that is now, or may be hereafter, organized under the laws of this State, shall have the effect to extend the limits of said town or city school district to the same extent. This portion of the above section was enacted in 1895, and has received attention from our Supreme Court in the cases of State ex inf. v. Henderson, 145 Mo. 329, 46 S. W. 1076, and School District No. 7 v. School District of St. Joseph, 184 Mo. 140, 82 S. W. 1082, and was considered and discussed by the Kansas City Court of Appeals in the case of Litson v. Smith, 68 Mo. App. 397. The case last cited was a proceeding in mandamus to compel members of the school board of the city of Nevada to meet in their capacity as members of said school board, and confirm the annexation of a part of an outlying school district, and to recognize the petitioner as a resident of the Nevada School District. Practically the same question was presented there as is presented here. Territorial limits of the city of Nevada had previous to the date of the passage of the Act of 1895 been extended so as to include a part of the territory of the outlying district. The Kansas City Court of Appeals held that the passage of the act *ipso facto*, transferred to the school district of the city of Nevada so much of the territory of the outlying district as was situate within the limits of the city of Nevada. Counsel, who have briefed this case here, relying upon the two cases of the Supreme Court as sustaining the contention of the outlying districts who do not want to lose their territory, that this section of the statute has no application to the present situation. In State ex inf. v. Henderson, supra, the question there was whether or not an extension of the limits of Kansas City so as to include the school district of Westport had the effect of annexing the school district of Westport to that of Kansas City. The Supreme Court held that the extension of the limits of Kansas City did not annex the Westport district. The opinion seems to be based principally upon the ground that a legally organized school district is an independent body corporate under the laws of this State, and not a subordinate department of the city government, and that the effect of the extension of the limits of Kansas City had no effect upon the existence of the Westport School District. It is true that in that case section 11236 was not discussed. It was, however, before the court and considered, as shown by reference to School District v. School District of St. Joseph, supra, in an

opinion written by the same judge who wrote the Henderson case. In School District v. School District of St. Joseph, the court held that the extension of the city limits of St. Joseph did not *ipso facto* extend the limits of the school district because section 11236 did not apply to cities of over fifty thousand and less than three hundred thousand. The court also refers to the case of Litson v. Smith, supra, and, by inference, at least, approves the holding of the Kansas City Court of Appeals in that case, by saying that in the Litson case the city of Nevada was a city of less than fifty thousand, while in both the Supreme Court cases the question was there discussed with reference to the extension of city limits in cities of over fifty thousand. We quote from School District v. School District of St. Joseph, supra, the following, as illustrating the difference between the two classes of cases:

"There being no statute giving the right, that portion of District No. 7 lying outside the corporate limits of St. Joseph would have no right to be annexed to the school district of said city, and thus the very reasons urged by Judge SMITH why in cities having less than fifty thousand inhabitants annexation could be compelled, enforce the view that inasmuch as article 3 does not attempt to change the school district lines by merely extending the city limits, it was not necessary to make provision for compelling the city district to take the whole of the adjacent district which it had dismembered. The only provision in the Act of 1893 as amended by the Act of 1895 (R. S. 1899) *for changing the boundary lines of a* school district adjoining a city district of a city having fifty thousand inhabitants and less than three hundred thousand inhabitants is found in section 9898, and that section provides that said district can be attached when a majority of the said adjacent district vote to be attached and a majority of the directors of said city district vote to receive said district, and provision is expressly made that in case 'an entire district is thus annexed, all property and money on hand thereto belonging shall immediately pass into the possession of the board of said city district; but should only a part of the district be annexed thereto, said part shall relinquish all claim and title to any part of the school property and money on hand belonging to said original district, and that portion of the district remaining must contain within its limits thirty children and thirty thousand dollars assessed valuation, or thirty children and nine square miles of territory.' "

It is unnecessary to discuss all the different provisions of the school law applicable, and the history of such legislation. In our opinion the relator is entitled to the relief prayed for, and the peremptory writ is accordingly awarded. *Haid, P. J.,* and *Becker, J.,* concur.