JOSIP CRNIC, RESPONDENT, v. CROATIAN FRATERNAL UNION OF AMERICA, APPELLANT.—66 S. W. (2d) 161.

Kansas City Court of Appeals. November 6, 1933.

*Ed Jayne* and *Rieger & Rieger* for respondent.

*Murrell & Murrell* for appellant.

SHAIN, P. J.—This is an action brought at the December term, 1931, of the Circuit Court of Adair County, Missouri, to recover for alleged disability benefits.

The defendant, appellant herein, is a fraternal benefit society organized under and by virtue of the laws of Pennsylvania but licensed to insure members of the society who are residents of Missouri.

It is admitted that the plaintiff was a resident member in the State of Missouri.

It is admitted that on the 10th day of July, 1916, that the respondent, which for uniformity we hereinafter designate as the plaintiff, made an application and became a member of the Croatian League of Illinois that was thereafter taken over by the National Croatian Society which took over the assets and obligations of the Croatian League of Illinois and that the plaintiff was then a member of the National Croatian Society, the appellant herein. For uniformity we hereinafter refer to said appellant as defendant.

It is contended by the plaintiff that he, prior to July 30, 1929, became ill, diseased and sick with chronic bronchitis, intestinal toxaemia, bronchial asthma, myopia and suffered a hernia.

Plaintiff contends that by reason of the above condition he was totally disabled from the above date and that the disability continues.

The plaintiff bases his cause of action on his membership and alleges that he conformed in all respect with the laws of the society and that under the terms of the by-laws, rules and regulations of the defendant society, he is entitled to an unpaid balance due him of $10 per week from and after December 15, 1930, to December 15, 1931, amounting to $520.

Defendant by answer pleads provisions of the by-laws of the society and denies liability on grounds of the alleged failure of plaintiff to comply with the provisions, compliance it is claimed, being a prerequisite to the right to recover. Defendant further answers by denying each and every allegation of plaintiff's petition not specifically admitted.

The plaintiff by way of reply pleads a former suit, wherein the plaintiff herein was plaintiff and the defendant herein was defendant and where it is alleged that there was a judgment had in favor of

plaintiff and against defendant under date of May 19, 1931, and it is further alleged in said reply that said suit was for unpaid disability benefits accruing up to December 15, 1930, and that said suit and recovery thereunder were for disabilities in issue in this case involved. In other words, it is alleged that the present suit is for continuing benefits that have accrued since May 19, 1931, under the same contract and for the same disabilities, as were in that case in issue. It is plead in that case that the court had jurisdiction of the parties and the subject-matter. Plaintiff in his reply pleads the former adjudication of all matters, except such matters as plaintiff has admitted, as in bar of any defense to the cause of action stated in plaintiff's present petition.

The plea in bar is contained in the second paragraph of the plaintiff's reply. The defendant before trial filed a written motion to strike out said paragraph. The court overruled the motion.

Under the pleadings thus made, a jury was waived and trial was by the court.

The plaintiff's evidence and defendant's admissions of record supports the contentions made by plaintiff, unless his rights be barred by the provisions of the by-laws of the defendant society, which were plead and offered in evidence by the defendant.

At the conclusion of the evidence, the defendant offered five (5) declarations of law. The court gave the fourth (IV), which is as follows:

"The court declares that plaintiff is not entitled to recover any liability or sick benefits as alleged in his petition for any disability or sickness resulting from hernia." (Given.)

The court refused the first, second, third and fifth declarations of law offered by defendant to which the defendant duly excepted and accepted. However, defendant under "Assignment of Error" in its brief appears to have abandoned as to claimed error of refusal of the third and fifth declarations.

The first and second declaration read as follows:

"I

"The court declares the law to be that under the law and the evidence in this case the finding and judgment of the court must be for the defendant. (Refused.)

"II

"The court declares that under the law and evidence of this case, that the plaintiff cannot recover in this action for the reason that he has failed to comply with the section 326 of the by-laws of defendant society in that he failed to furnish to the local lodge of said defendant a certificate of a physician stating him to be sick or disabled at any of the times mentioned in his petition." (Refused.)

Under the pleadings, evidence and declarations of law as outlined above, the court found issues for plaintiff and entered judgment against defendant in the sum of $520 from which the defendant appealed to this court.

## OPINION.

We deem it unnecessary to discuss the evidence and issues involved in the suit, further than as to what is germane to the issues presented in the appellant's ''Assignment of Error'' as set forth in appellant's statement, brief and argument which is as follows:

### ''Assignment of Error.

''I. The court erred in overruling defendant's motion to strike the second paragraph of plaintiff's reply for the reason that *res judicata* was not properly in the case, and because the matters in defense raised by defendant's answer to plaintiff's first amended petition were not barred by the prior judgment therein pleaded.

''II. The court erred in admitting in evidence over defendant's objection, the pleadings, summons, the return of service, and judgment in the prior case of Crnic v. Croatian Fraternal Union.

''III. The court erred in refusing defendant's declaration of law, No. 1.

''IV. The court erred in refusing defendant's declaration of law, No. 2.''

The defendant's first assignment of error is directed to the failure of the court to strike out the second paragraph of defendant's reply. The paragraph reads as follows:

### ''Reply.

''Comes now the plaintiff in the above-entitled cause and for his reply to the answer of plaintiff, admits that he became a member of a Croatian Society which, in turn, became a part of the Croatian League of Illinois which, in turn, became a member of the National Croatian Society and which, in turn, became a part of defendant organization and that defendant took the assets, obligations and contracts of said prior organization and that plaintiff has been a member of defendant and its predecessors since 1902, but denies each and every other allegation of said answer.

''For further reply plaintiff states: That on May 19, 1931, he obtained judgment against defendant for unpaid disability benefits accruing up to December 15, 1930, in the Circuit Court of Adair County, Missouri, covering the disabilities in the above-entitled cause and described in plaintiff's amended petition herein; that said court then and there had jurisdiction of the parties to this action and of the

subject-matter thereof and that all of the matters set up in defendant's amended answer, save except such matters as the plaintiff for his reply has admitted, were issues in said cause and were fully and fairly determined by the judgment of the court rendered therein and plaintiff pleads the judgment of the court so rendered in bar of any defense to the cause of action stated in his amended petition.''

It has been universally held by the courts of this State that judgments are conclusive in subsequent actions between the same parties on the same cause of action of all matters which might have been litigated in the former action. As to any fact that it was not necessary to prove in the former action, such former judgment of course is not conclusive. [Scheer v. Trust Co. of St. Louis et al., 49 S. W. (2d) 135; Casner v. Schwartz, 286 S. W. 401; Dolph v. Maryland Casualty Co., 303 Mo. 534.]

A reading of the petition in the former suit shows clearly that it was a suit between the same parties as herein and that the former suit was asking for benefits alleged to be due and accrued upon the same contract herein in issue and for benefits accrued up to December 15, 1930, and for the same disabilities that plaintiff is now asking benefits for from and after that date. A comparison shows that the plaintiff's petition in this case and the petition in the former case are identical as to the first four paragraphs and that the only difference between the fifth paragraphs consists in a declaration as to the specified weekly amount provided by the contract to conform to the amount due after lapse of one year and as to the total amount sued for.

The former suit appears to have determined that plaintiff, on or prior to July 30, 1929, had become sick and diseased such as to render him totally disabled within the meaning of the by-laws of the society and further determined that the condition alleged still continued at that time. The above-determined facts are put in issue by defendant's answer in the case at bar.

We conclude that the court committed no error in refusing to strike out the second paragraph of plaintiff's reply.

As to defendant's second assignment of error, based upon our conclusions stated above, we hold that there was no error in admitting the pleadings, summons, the return of service, and judgment in the prior case.

For continuity we next consider assignment of error number four (IV). The declaration of law refused is fully set out above. The assignment is based upon section 326 of the by-laws of the defendant society which reads as follows:

Section 326. ''A member, while he is receiving sick benefits shall, each month, through the lodge send one doctor's certificate. Should he fail to do this, he shall forfeit the right to the sick benefit for the month he did not send any doctor certificate, except where he is in a hospital. The last medical certificate must be given to the lodge not

later than forty days after the member becomes well. Only licensed physicians practicing can issue medical certificates."

The defendant introduced in evidence several sections of the by-laws of the society which it plead as a bar to plaintiff's right to recovery. In defendant's "Assignment of Error," presented in its brief, it only urges section 326 set out above as applicable to the issue presented in this suit.

It is clearly shown in the evidence that plaintiff fully complied with the provisions of the above section in the months of January, February and March, 1930. This period embraces three (3) months after December 15, 1929, to which time recovery was had in the former suit. It is clearly shown by the record that defendant ignored these reports. We conclude that defendant is in no position to complain of failure to send such doctor's certificate after its manifest intent is shown to ignore such certificates where duly sent, especially in the face of the showing that plaintiff's sick benefit dues were at the time being accepted by his lodge. Another significant fact is that it is shown that plaintiff *was not receiving sick benefits* even though the doctor's certificates were furnished during said three months of January, February and March.

It is a well-settled principle that the law does not require useless action.

We find no error in the trial court's action in refusing to give defendant's declaration of law, No. 2.

Defendant's declaration of law, No. 1, is a peremptory declaration in the nature of a demurrer to the evidence. We conclude that there was ample evidence to support the finding of the trial judge and that the refusal of the declaration does not constitute error.

In accordance with the foregoing presentation and conclusions, the judgment of the court below is affirmed. All concur.