JOHN V. BENNETT, RESPONDENT, v. BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN, APPELLANT.—106 S. W. (2d) 25.

Kansas City Court of Appeals. May 3, 1937.

*Owen & Thurlo* for respondent.

*Charles V. Garnett* of counsel.

*Harold C. Heiss, Edward E. Naber* and *Samuel M. Carmean* for appellant.

CAMPBELL, C.—The plaintiff on July 29, 1935, commenced an action against the defendant in the circuit court of Linn county, Missouri, by filing a petition in which it was alleged that the defendant was an unincorporated labor organization, with headquarters in Ohio, and engaged in insuring the lives of its members in Missouri and elsewhere; that on February 18, 1911, defendant issued to plaintiff a policy of insurance, called a benefit certificate, in which the defendant promised upon the death of plaintiff to pay to the person named as beneficiary in the contract the sum of $1500; ''that the defendant, in its constitution and its by-laws in effect in January 1, 1931, and which were in effect at the times and dates herein referred to provided 'that a member in good standing (the plaintiff herein) in the fund who is adjudged by the General Secretary and Treasurer to be totally and permanently disabled' that the member is entitled to receive Fifty ($50) Dollars for each calendar month from the time the application is received at the Grand Lodge office, and that the aforesaid provision is on page 96 of said constitution in Article 8 thereof.

''Plaintiff states that he did become totally and permanently disabled as provided under the aforesaid provision of the constitution on or about the —— day of ————, 1923, because of consumption or tuberculosis condition of the lungs, and that he had continued to be totally and permanently disabled ever since said date, and that the defendant paid to plaintiff herein the sum of Fifty Dollars per month from and after the —— day of ————, 1923, under the said provision, until the 1st day of November, 1931, on which date the defendant failed and refused to further pay the plaintiff Fifty Dollars per month (as provided under the aforesaid provision, and has ever since said date failed and refused to pay the plaintiff the sum of Fifty Dollars per month), as it was obligated to do under the provisions of its constitution on page 96, page 97 and page 98 of its constitution dated January 1, 1932, and in effect January 1, 1932, which is a requirement of its by-laws, and which were in effect at the time mentioned.''

The petition alleged performance by the plaintiff of all of the conditions of the contract.

The answer stated facts sufficient to show that the defendant was a fraternal society; alleged that no member of a subordinate lodge could resort to the courts to correct or redress any alleged grievance or wrong or secure any alleged right until such member had exhausted

his remedy by appeal as provided in the laws of the defendant; that plaintiff had not complied with said laws; and denied that plaintiff was incapacitated wholly or permanently from performing any work for remuneration and profit, and that plaintiff was not entitled under the rules and regulation of the defendant to any compensation.

Trial of the cause resulted in a verdict and judgment for the plaintiff. The judgment was, on defendant's appeal, affirmed. [82 S. W. (2d) 601.]

The present suit was brought March 16, 1935, to recover a monthly benefit of $50 for each month for the period beginning July 1, 1933, and ending February 28, 1935. The petition contained allegations legally the same as the averments of the petition in the former suit, and further charged that Article 8, Section 23 of the defendant's constitution was a part of the certificate sued upon, and that said Article 8 was as follows:

"Article 8, Section 23 (d). A member in good standing in the fund who is adjudged by the General Secretary and Treasurer to be totally and permanently disabled, except on account of consumption of the lungs, shall on the first day of every month after such decision, be entitled to receive Fifty Dollars ($50.00) for each full calendar month from the date the application is received at the Grand Lodge office, and a proportionate amount for a fraction of a calendar month, until the disabled member's death, or until he is adjudged no longer entitled to benefits.

"Article 8, Section 23 (e). A member in good standing in the fund who is adjudged by the General Secretary and Treasurer to be afflicted with consumption of the lungs shall be entitled to treatment in an established supervised sanitorium approved by the General Secretary and Treasurer for a period of not less than six (6) months. . . .

"If the member leaves the sanitorium or institution and is adjudged totally and permanently disabled by the General Secretary and Treasurer, he shall be entitled to receive the benefit described in paragraph (d) of this Section upon the same terms and conditions as other members who have been adjudged totally and permanently disabled."

The petition further pleaded the first suit, the issues presented and determined therein.

The answer alleged all of the matters pleaded in the answer in the former suit; alleged that said Article 8 of its constitution became effective January 1, 1932; that said constitution abolished its Relief Department and established its Disabled Benefit Department; that plaintiff failed to go to a sanitorium for treatment for consumption of the lungs as required by the defendant's said laws; that in January, 1932, plaintiff released defendant of all claims he had

against it or the relief department, and denied that plaintiff was disabled as alleged.

The reply alleged that plaintiff "admits that the relief department of defendant was abolished, effective the first day of January, 1932, and that the disability benefit department of said defendant was created on said date; and admits that Section 23 of Article 8 of the constitution of defendant brotherhood contains each and every of the provisions written into and made a part of defendant's answer." The reply further pleaded the institution, prosecution and result of the former action.

The cause was tried with a jury. From a judgment on the verdict in favor of the plaintiff in the sum of $1,000, the defendant has appealed.

The defendant insists the petition failed to state facts sufficient to constitute a cause of action. In discussing this question we deem it necessary to state the difference between the allegations in the petition in the former suit and the allegations in the petition in the present suit for the reason that the plaintiff contends the judgment in the former action precludes the defendant from making any defense in the present suit save the defense that plaintiff's disability did not continue after the period covered by the former suit.

It will be noted that the petition in the former suit alleged that under the provision of article 8, a part of which was quoted, a member who was adjudged by the defendant's general secretary and treasurer to be totally and permanently disabled was entitled to receive fifty dollars each month from the time the application for the benefit was received by the defendant. Thus under the allegations of the petition, the plaintiff was entitled to the benefit upon showing that he was permanently and totally disabled, regardless of the cause of such disability. According to the petition in the present case said article 8 provided a member who became totally and permanently disabled, "except on account of consumption of the lungs," was entitled to the monthly benefit, and further provided that a member afflicted with consumption of the lungs was entitled to treatment in a sanitorium. The petition further charged that plaintiff's disability was due to consumption of the lungs. There was no allegation that he applied for or received treatment in a sanitorium.

From the foregoing it is plain that the petition not only failed to state a cause of action, but that the facts therein stated affirmatively show plaintiff was not entitled to the relief sought, for the reason that the disability of the plaintiff was caused by consumption of the lungs, a cause which is expressly excepted in the provisions of article 8, the article upon which the suit was based.

The plaintiff invokes the rule that a judgment between the same parties on the same cause of action is *res judicata* in a subsequent action between the same parties on the same cause of action of all issues

which were or could have been determined in the former action. In this respect the authorities support plaintiff's theory. [Crinic v. Croation Fraternal Union, 66 S. W. (2d) 161; Crnic v. Fraternal Union, 89 S. W. (2d) 683; Powell v. City of Joplin, 73 S. W. (2d) 408; Boillot v. Income Guaranty Co., 102 S. W. (2d) 132.]

The petition in each case proported to quote article 8. In the former suit the provisions of that article *as pleaded* were sufficient to allow plaintiff to recover upon proof that his disability was caused by consumption of the lungs, *or by any other cause*. In the present action the petition affirmatively shows that under the provisions of article 8, plaintiff was not entitled to the benefit if his disability were the result of consumption of the lungs. Thus it is plain that the contract, namely, article 8, upon which each action was based was, in so far as number is concerned, the same. However, the interpretation of the provisions of the article, not its number, will determine whether or not the contract involved in the former suit was the same contract relied upon by the plaintiff in the present action. When thus considered, it is manifest that the contract here involved is not the same contract on which the judgment in the former action was rendered, and for that reason the doctrine of *res judicata* does not apply. [Missouri, Kansas, and Texas Ry. Co. v. American Surety Company of New York, 291 Mo. 92, 236 S. W. 657; State ex rel. Green v. Brown, 31 S. W. (2d) 215.]

It must be borne in mind that the plaintiff alleged that the defendant's laws effective in 1932 were a part of his contract, and thus, as a matter of law, admitted that the defendant rightfully passed said laws; that the allegations of the petition are conclusive on the plaintiff, and, hence, we shall not determine the question as to whether or not the defendant in 1932 had right to amend its laws so as to affect the rights of the plaintiff which were secured to him by the terms of his contract made at the time he became a member of the Brotherhood.

The judgment is reversed and the cause remanded. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.