**Eugene Joseph DEMBA, Plaintiff-Respondent,**

v.

**Barbara DEMBA, Defendant-Appellant.**

**No. 51055.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 10, 1987.

Barbara Wendy Wallace, St. Louis, for defendant-appellant.

Merle L. Silverstein, Clayton, for plaintiff-respondent.

KELLY, Presiding Judge.

This is an appeal by Barbara Demba from the judgment entered by the Circuit Court of St. Louis County, Missouri, in a dissolution proceeding between the parties. The sole issue on appeal is whether the trial court erred in overruling wife's motion to amend Findings of Fact, Conclusions of Law and Decree of Dissolution.

Husband, 72, and wife, 57, were married in St. Louis County, Missouri on February 8, 1983. Prior to their marriage, wife was the income beneficiary of a trust fund with a corpus of $100,000, from which she received income of approximately $10,000 per year. The wife understood that as a result of her marriage to husband, under the terms of that trust, the wife's right to the trust income would terminate. Prior to the parties' marriage, husband and wife entered into an antenuptial agreement. The antenuptial agreement provides in part that the husband shall make provisions upon his death for wife to receive $10,000 per year, unless the marriage is dissolved prior to his death. The antenuptial agreement was silent as to the provision of maintenance to either party upon dissolution.

Shortly after the marriage, husband decided that the marriage had been a mistake. In March of 1983, wife suffered a severe heart attack, which temporarily reunited the parties. The parties continued to live together as husband and wife, a few months later, husband again decided that the marriage should be dissolved, and on December 15, 1983, filed his petition for dissolution.

In response to husband's petition for dissolution, wife filed an amended counterclaim and cross-claim. In Count I of said amended counterclaim and cross-claim, wife sought a dissolution of the parties' marriage, a division of the marital property, an award of the parties' separate property, maintenance and attorney's fees. Counts II and III of wife's amended counterclaim and cross-claim concern the antenuptial agreement entered into by husband and wife prior to their marriage. Specifically, Counts II and III deal with the provision of the antenuptial agreement in which husband allegedly agreed to provide wife with assets sufficient to generate for her approximately $10,000 yearly income which she had previously been entitled to under a trust fund, which she would lose as a result of her marriage to husband. The issues raised by wife in Counts II and III of her amended counterclaim were severed by the court. Wife preserved her right to a jury trial on Counts II and III of her amended counterclaim.

On October 28, 1985, a hearing was held on husband's petition for dissolution of marriage and on Count I (Cross-petition for dissolution) of wife's amended counterclaim and cross-claim. On November 13, 1985, the trial court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage. Thereafter, wife filed her motion to amend Findings of Fact, Conclusions of Law and Decree of Dissolution which was sustained in part and overruled in part. Accordingly, on December 30, 1985, the Amended Findings of Fact, Conclusions of Law and Decree of Dissolution were entered by the trial court.

Appellant's sole point on appeal is that the trial court erred in overruling wife's motion to amend Findings of Fact, Conclusions of Law and Decree of Dissolution. The trial court included in its Amended Findings of Fact and Conclusions of Law paragraphs 17, 18 and 19, which deal directly with the prior trust of which wife

was the income beneficiary, which wife would lose as a result of her marriage to husband. Appellant argues that paragraphs 17, 18 and 19 of the trial court's Amended Findings of Fact and Conclusions of Law are the subject of Counts II and III of wife's amended counterclaim, which had been severed by the court from the dissolution proceeding. Wife concludes that paragraphs 17, 18 and 19 of the Amended Findings of Fact, Conclusions of Law and Decree of Dissolution should be striken and declared void and of no effect, with respect to the issues in Counts II and III of wife's amended counterclaim. We agree.

On October 25, 1985, the only matter before the court was the Dissolution of Marriage matter contained in husband's Petition for Dissolution of Marriage and Count I of wife's amended counterclaim. Therefore, the court had only to consider the following issues:

1. Whether the marriage of husband and wife was irretrievably broken;
2. The awarding of separate property and the division of marital property;
3. The awarding of maintenance;
4. The awarding of attorney's fees.

Respondent argues that paragraphs 17, 18 and 19 are relevant and necessary to the resolution of the issues before the court in Count I of wife's amended counterclaim. Paragraphs 17, 18 and 19 of the trial court's Findings of Fact and Conclusions of Law read as follows:

17] Respondent, by reason of her education and her knowledge, knew and realized that upon her marriage to Petitioner she would by that act give up the earnings that had been provided by her deceased husband's trust estate, consisting primarily of a One Hundred Thousand Dollar ($100,000) corpus from which she was to receive the benefits (interest) for so long as she was unmarried.

18] Respondent was fully aware of the terms of the aforesaid trust when she entered into the marriage contract with Petitioner. She was aware of the fact that the act of Marriage would terminate her right to the earnings from the trust estate.

19] At the time of the preparation of the Ante-Nuptial Agreement, Paragraph 6 of said Agreement was specifically inserted because the act of marriage would terminate Respondent's income from the aforesaid trust estate. Respondent well and truly knew that said Paragraph 6 would only provide a Ten Thousand Dollar ($10,000) annual income for Respondent if she was not legally separated or living apart from Petitioner and if their marriage was not dissolved. Respondent understood the meaning of that when she executed and signed the Ante-Nuptial Agreement.

Respondent asserts that the court's findings are necessary for the court's determination on the issue of maintenance. Respondent further argues that paragraphs 17, 18 and 19 prove that wife, before entering into the antenuptial agreement, was fully aware of the implications of her marriage to respondent, and that if she did not believe that she had sufficient means to support herself in the case of divorce, she would have provided for maintenance in the antenuptial agreement.

However, contrary to husband's assertion, what is important to the trial court in determining maintenance is whether the wife at the time of the dissolution proceeding had sufficient property and financial resources to meet her present needs and lifestyle. *See* § 452.335 RSMo 1978. A trial court does not consider whether or not a person has waived a standard of living in determining need for maintenance. The amended Findings of Fact in paragraphs 17, 18 and 19 did not in any way relate to any of the issues before the trial court, specifically, the present financial condition of the parties or the reasonable costs or attorney fees for the dissolution of marriage action. Findings not related to the issue actually and necessarily tried are void and should be stricken.

[t]he point adjudicated or determined must be within the issues raised and submitted, and if the court attempts to adjudicate a question outside such issues the judgment is to that extent void.

*Clark v. Clark,* 300 S.W.2d 851, 852 [2] (Mo.App.1957).

Accordingly, paragraphs 17, 18 and 19 of the Amended Findings of Fact do not relate to any of the issues before the trial court in the dissolution of marriage action. Thus, we hold that paragraphs 17, 18 and 19 must be stricken from the trial court's Amended Findings of Fact and Conclusions of Law, and that part of the judgment must be vacated.

We note that Counts II and III of wife's counterclaim deal specifically with the issues contained in paragraphs 17, 18 and 19 of the Amended Findings of Fact. Wife should not be prejudiced by being required to face the possibility that husband will assert that wife is collaterally estopped with respect to the Findings set out in paragraphs 17, 18 and 19, which concern the antenuptial agreement set forth in Counts II and III of wife's counterclaim.

> It has been universally held by the courts of this state that judgments are conclusive in subsequent actions between the same parties on the same cause of action of all matters which might have been litigated in the former action. *As to any fact that it was not necessary to prove in the former action, such former judgment of course is not conclusive.* (emphasis added).

*Crnic v. Croatian Fraternal Union of America,* 228 Mo.App. 251, 66 S.W.2d 161, 163 [1] (1933).

Since the Findings of Fact contained in paragraphs 17, 18 and 19 were unnecessary to the determination of the issues before the trial court in the dissolution hearing, said findings should be given no collateral estoppel effect.

We affirm the trial court's judgment on husband's petition for dissolution of marriage and Count I of wife's amended counterclaim, and the cause is remanded with directions to modify the Amended Findings of Fact and Conclusions of Law and Decree of Dissolution by striking paragraphs 17, 18 and 19, and declaring said paragraphs void and of no effect, with respect to the issues in Count II and III of wife's amended counterclaim.

The judgment is affirmed as modified with costs of this proceeding assessed against respondent.

CRIST and SMITH, JJ., concur.